953 F.2d 1388
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jeremiah Leon SIMMONS, Plaintiff-Appellant,
v.
The EXECUTIVE LODGE, Defendant-Appellee.
 No. 91-55639.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 28, 1992.*
Decided Feb. 3, 1992.
 
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jeremiah Leon Simmons, a California state prisoner, appeals pro se from the district court's sua sponte dismissal without prejudice of his 42 U.S.C. § 1983 action before service of process. We construe the district court's sua sponte dismissal before service of process as a dismissal under 28 U.S.C. § 1915(d), and we review de novo. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). We affirm.
 
 
 3
 Frivolous in forma pauperis complaints may be dismissed before service of process under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325. In civil rights actions where the plaintiff appears pro se, the court must construe pleadings liberally and afford the plaintiff the benefit of any doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). A pro se plaintiff with an arguable claim is entitled to issuance and service of process. Jackson, 885 F.2d at 640.
 
 
 4
 Here, Simmons challenges the actions of his former landlord, who allegedly evicted him without providing a three-day notice required by California state law. Because private individuals who do not act under color of state law are not subject to suit under section 1983, see Franklin v. Oregon, 662 F.2d 1337, 1345 (9th Cir.1981), the district court properly dismissed the action as frivolous, see Jackson, 885 F.2d at 640.[1]
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 To the extent that Simmons seeks to challenge the sentence he received for trespassing, his sole remedy is a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 499 n. 14 (1973)