967 F.2d 584
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Terry BISHOP, Petitioner-Appellant,
v.
John IGNACIO, Respondent-Appellee.
 No. 91-16437.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 23, 1992.*
Decided June 26, 1992.
 
 Before FLETCHER, LEAVY and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Terry Bishop, a Nevada state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]
 
 
 3
 A court should liberally construe pro se civil rights pleadings, affording the plaintiff any benefit of the doubt. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Before an action brought pro se may be dismissed, the court must provide the plaintiff with notice of the complaint's deficiencies and an opportunity to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984).
 
 
 4
 In his complaint, Bishop alleged that he was deprived of a property interest as a result of the prison's policy of deducting the cost of legal paper and postage from his inmate trust fund account. This claim fails because intentional deprivations of property by a state employee do not violate the due process clause if, as here, a meaningful post-deprivation remedy for the loss is available. See Hudson v. Palmer, 468 U.S. 517, 533 (1984).
 
 
 5
 Bishop also alleged that he has been deprived of meaningful access to the courts as a result of being charged for stamps and legal paper. Indigent inmates must be provided at state expense with paper to draft legal documents, and with stamps to mail them. Bounds v. Smith, 430 U.S. 617, 621-23 (1977). There is no prohibition, however, against debiting an inmate's trust fund account when and if such funds become available. Moreover, to state a claim for denial of access to the courts where the claim does not involve adequate law libraries or adequate assistance from persons trained in the law, the plaintiff must allege an "actual injury", or a specific instance in which he was denied access to the courts. See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Here, Bishop has failed to allege any specific instance of denial of access to the courts. Moreover, although Bishop was given an opportunity to amend his complaint to state such specific facts, he failed to do so. Therefore, this claim also fails. See id.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bishop's notice of appeal filed on September 6, 1991 was premature because the district court's non-final order of August 28, 1991 granted Bishop until September 28, 1991 to amend his complaint to state a claim. The order further specified that if Bishop failed to file an amended complaint, the action would be dismissed. Because Bishop never filed an amended complaint, the action became final and appealable on September 28, 1991. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) (plaintiff's failure to cure deficiency in complaint within period provided by district court converted dismissal to final appealable order of dismissal with prejudice). The final disposition of the action on September 28, 1991 cured the premature appeal. See in re Eastport Assoc., 935 F.2d 1071, 1075 (9th Cir.1991) (entry of final judgment cures premature appeal). Accordingly, we have jurisdiction to consider Bishop's appeal