972 F.2d 1339
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Douglas Gary HOUSLEY, Petitioner-Appellant,
v.
George E. KILLINGER, Warden, et al Respondent-Appellee.
 No. 90-35898.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 10, 1992.*
Decided July 22, 1992.
 
 Before TANG, FERGUSON and DAVID R. THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Douglas G. Housley, a federal prisoner, filed suit against the prison warden, George Killinger. The complaint alleges that Killinger deprived Housley of his constitutional right of access to the courts by failing to provide adequate legal resources in the prison law library. The district court granted Killinger's motions to dismiss for failure to exhaust administrative remedies and for qualified immunity. The district court also granted Killinger's motion for summary judgment on the merits of Housley's constitutional claims. Housley appeals. We affirm.
 
 DISCUSSION
 I. Exhaustion of Administrative Remedies
 
 3
 Housley argues that the district court erred in dismissing his complaint for failure to exhaust administrative prison remedies. The Bureau of Prisons lacks the authority to order the monetary damages Housley seeks. Consequently, Housley insists, exhaustion would be futile. We disagree.
 
 
 4
 In addition to requesting monetary compensation, Housley's complaint asks the district court to "undertake an investigation and issue judgment regarding the need for proper policies" to be adhered to by Killinger regarding the prison library. Given the liberality with which pro se civil rights complaints must be construed, King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987), we conclude that Housley seeks injunctive, as well as monetary, relief. Indeed, in his brief on appeal, Housley states that he seeks both damages and an injunction. Dismissal of a Bivens action for failure to exhaust is appropriate where the prisoner requests both damages and an injunction. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991); see also McCarthy v. Madigan, --- U.S. ----, 112 S.Ct. 1081, 1091 n. 5 (1992).
 
 II. Qualified Immunity
 
 5
 Housley contends that the district court's grant of qualified immunity to Killinger and consequent dismissal of the complaint constitute reversible error. We find no error in the district court's decision.
 
 
 6
 Killinger must be granted qualified immunity if his conduct did not "violate clearly established statutory or constitutional rights of which a reasonable person would have known." Baker v. Racansky, 887 F.2d 183, 186 (9th Cir.1989) (quotations omitted). In determining whether Housley's constitutional rights were clearly established, we do more than inquire whether the general right of access to the courts was clearly established at the time of Killinger's conduct. We must decide whether, in the context of the particular facts of this case, the unconstitutionality of the library's contents was patent. See id. at 186.
 
 
 7
 We hold that the contents and condition of the prison library do not transgress clearly established law. No court has held that federal prisons must include state reporters and digests in their collection. To the contrary, we have previously approved the contents of a federal prison library that did not include state law reporters or digests. See Gaglie v. Ulibarri, 507 F.2d 721, 722 (9th Cir.1974).
 
 
 8
 Nor has any court suggested that the Constitution demands that prison libraries be open more than the forty-one hours a week the library at Sheridan already operates. Cf. Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985) ("The Prison cannot be expected to keep the library open 24 hours a day, even if doing so would improve the inmates' ability to conduct legal research.").
 
 
 9
 Finally, the alleged lack of trained legal assistants and typewriters fails to state a violation of a clear constitutional right. Indeed, we have ruled that the Constitution does not mandate the provision of trained legal personnel if the prison already has an adequately stocked and accessible law library. Lindquist, 776 F.2d at 854-56. Nor does Housley have any constitutional claim to a typewriter. Id. at 858 ("[T]he Constitution does not require that [typewriters] be made available to inmates."); see also Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989).
 
 
 10
 Because Housley's allegations do not demonstrate that Killinger violated any clearly established aspect of the constitutional right of access to the courts, we affirm dismissal of the complaint on the basis of qualified immunity.[1]
 
 
 11
 Having concluded that dismissal of Housley's complaint was appropriate on the grounds of exhaustion and qualified immunity, we need not decide whether the district court erred in granting summary judgment on the merits of Housley's constitutional claims.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although qualified immunity does not shield defendants from claims for declaratory or injunctive relief, Wood v. Strickland, 420 U.S. 308, 314 n. 6 (1975), we have already held that dismissal of the entire complaint, including the request for equitable relief, was appropriate due to Housley's failure to exhaust administrative remedies