990 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen Lewis FARRAR, and all inmates in the State of Oregon
Department of Corrections Prisons and Jails
similarly situated, Plaintiff-Appellant,
v.
Frank Leslie HALL, Director, Department of Corrections, and
all unknown defendants, Defendants-Appellees.
 No. 92-36595.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 10, 1993.*
Decided March 16, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Lewis Farrar, an Oregon state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action[1] as frivolous pursuant to 28 U.S.C. § 1915(d). We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and affirm.
 
 
 3
 Farrar filed a complaint alleging a violation of his constitutional rights arising from the defendants' practice of debiting funds from inmate trust accounts to recoup the costs of postage and photocopying incurred in prisoner litigation. The district court construed the complaint as alleging a denial of access to the courts. The district court did not err in dismissing the complaint and action as frivolous.
 
 
 4
 Frivolous in forma pauperis complaints may be dismissed sua sponte under 28 U.S.C. § 1915(d). Neitzke v. Williams, 490 U.S. 319, 324 (1989). A complaint is frivolous "where it lacks an arguable basis either in law or fact." Id. A district court must afford a pro se plaintiff notice of the deficiencies of the complaint and an opportunity to amend prior to dismissal unless it is absolutely clear that the deficiencies of the complaint cannot be cured. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 5
 Indigent inmates have a constitutional right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). "It is indisputable that indigent inmates must be provided at state expense with paper and pen to draft legal documents, with notarial services to authenticate them, and with stamps to mail them." Id. at 824-25. These rights, however, are not unlimited. For instance, a state may adopt reasonable postage stamp regulations. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Further, this court and several other courts have rejected any constitutional right to unlimited free photocopying. See Johnson v. Moore, 926 F.2d 921, 923 (9th Cir.1991), superseded on other grounds by Johnson v. Moore, 948 F.2d 517 (9th Cir.1991); Sands v. Lewis, 886 F.2d 1166, 1169 (9th Cir.1989). A right of access claim other that doses not allege inadequate law libraries or alternative sources of legal knowledge must be based on an actual injury. Sands, 886 F.2d at 1171. "An actual injury consists of some specific instance in which an inmate was actually denied access to the courts." Id.
 
 
 6
 As the district court explained: "Plaintiff does not contend that the recoupment of costs has interfered with his ability to proceed with litigation or that costs have been recouped while a prisoner remains indigent." Because Farrar has not therefore alleged a specific instance in which he was actually denied access to the courts, the district court did not err in finding that the complaint did not present an arguable claim. See Neitzke, 490 U.S. at 324; Sands, 886 F.2d at 1171. Further, although Farrar was given notice of the deficiencies of his complaint and an opportunity to amend, he failed to amend. Cf. Noll, 809 F.2d at 1448. Accordingly, the district court did not abuse its discretion in dismissing this action. See Denton, 112 S.Ct. at 1734.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The district court's order of dismissal granted Farrar 30 days to amend his complaint. Because Farrar never filed an amended complaint, the dismissal was converted into a final, appealable order. See Lynch v. City of Alhambra, 880 F.2d 1122, 1124 (9th Cir.1989) (plaintiff's failure to cure the deficiencies in the complaint within period provided by the district court converted dismissal into final, appealable dismissal with prejudice). Therefore, we have jurisdiction to consider this appeal. See id