2 F.3d 1156
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Wallace S. BIRDWELL, Plaintiff-Appellant,
v.
Kevin CONCANNON, Director, Oregon State Department of Human
Resources; Charles Crookham; Denise G.
Fjordbeck, Defendants-Appellees.
 No. 92-36926.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 21, 1993.*
Decided Aug. 2, 1993.
 
 Before BROWNING, TANG and NORRIS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Wallace S. Birdwell appeals pro se the district court's dismissal of his civil rights complaint for failure to state a claim against the defendants. We have jurisdiction under 28 U.S.C. Sec. 1291. We affirm.
 
 
 3
 Birdwell's amended complaint,[1] construed liberally, alleged that the defendants wrongfully "assigned" his family's Social Security benefits in violation of 42 U.S.C. Sec. 407[2] when those benefits were considered as income in the denial of his application for Aid for Families with Dependent Children. Birdwell sought damages for alleged violations of various civil rights statutes and constitutional provisions.[3]
 
 
 4
 Birdwell apparently sued Kevin Concannon in his official capacity as Director of the Oregon State Department of Human Resources.[4] Former Oregon Attorney General Charles Crookham and Assistant Attorney General Denise Fjordbeck apparently were sued because they represented Concannon below.
 
 
 5
 "We review a dismissal for failure to state a claim de novo. To uphold such a dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (citation omitted). Because Birdwell is proceeding pro se, we must construe his pleadings liberally. See id.
 
 
 6
 "[N]either a State nor its officials acting in their official capacities are 'persons' under [42 U.S.C.] Sec. 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). Concannon, therefore, is not subject to liability for damages under the civil rights statutes when he is sued in his official capacity. See Hafer v. Melo, 112 S.Ct. 358, 362 (1991); Will, 491 U.S. at 70-71 & n. 10.
 
 
 7
 Birdwell also seems to be attempting to sue Concannon for damages directly under 42 U.S.C. Sec. 407. Section 407 is designed to protect Social Security benefits from the reach of creditors. Neavear v. Schweiker, 674 F.2d 1201, 1205 (7th Cir.1982). We can conceive of no set of facts that could be proved that would entitle Birdwell to damages from Concannon under section 407 or the civil rights statutes. Dismissal of the action against Concannon was therefore proper. See King, 814 F.2d at 567.
 
 
 8
 In addition, Birdwell alleged that Crookham and Fjordbeck filed fraudulent litigation, i.e., a motion to dismiss the original complaint, and conspired in the assignment of Social Security benefits. Birdwell alleged no facts that, if proved, would subject Crookham or Fjordbeck to liability under section 407 or the civil rights statutes. Dismissal of the action against them was therefore proper. See id.
 
 
 9
 Because Birdwell's amended complaint failed to state a claim against any of the defendants, the district court properly denied his motions for a preliminary injunction and for sanctions.
 
 AFFIRMED.[5]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Birdwell's motion for oral argument is denied. To the extent Birdwell's May 25, 1993 letter to the court is intended as a motion for appointment of counsel, it is denied as well
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Birdwell's amended complaint supersedes his original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.), cert. denied, 113 S.Ct. 321 (1992)
 
 
 [2]
 42 U.S.C. Sec. 407 protects Social Security benefits from transfer, assignment, execution, levy, attachment, garnishment, or other legal process
 
 
 [3]
 Birdwell cited 42 U.S.C. Secs. 1983, 1985(2), 1986 and 1988; 18 U.S.C. Secs. 241, 242 and 245; and Article Six and Amendments One, Five and Fourteen of the United States Constitution
 
 
 [4]
 Birdwell contends he sued Concannon in his personal capacity, but the amended complaint is devoid of allegations that can be construed as a personal-capacity claim against Concannon
 
 
 [5]
 Birdwell's three-part motion under Fed.R.App.P. 27(b), which appears to be a motion for judicial notice or to supplement the record, is denied as moot