9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Melvin Munroe LITTRELL, Plaintiff-Appellant,
v.
Roger CRIST, et al., Defendants-Appellees.
 No. 93-15410.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Melvin Munroe Littrell, an Arizona State prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 action for failing to name the proper defendants. We have jurisdiction under 28 U.S.C. § 1291. We review for abuse of discretion, Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992), and we reverse and remand to the district court.
 
 
 3
 Pursuant to 28 U.S.C. § 1915(d), the district court may dismiss an action sua sponte if the action is frivolous. Neitzke v. Williams, 490 U.S. 319, 324 (1989). An action is frivolous if it lacks an arguable basis either in law or in fact. Id. at 325. Pro se pleadings are to be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). A pro se litigant must be given leave to amend his or her complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 4
 To state a claim against a state official, a civil rights complainant must allege that the official personally participated in the constitutional deprivation or that a state supervisory official was aware of the abuses and with deliberate indifference to the inmate's constitutional rights failed to take action to prevent further misconduct. Rizzo v. Goode, 423 U.S. 362, 377 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987).
 
 
 5
 Here, defendant Roger Crist is the warden of the state prison in Florence, not of the Perryville facility where Littrell is incarcerated and where the civil rights violations allegedly occurred. Thus, defendant Crist did not have any connection to the incidents alleged by Littrell. As for the second defendant, Arizona Attorney General Woods, Littrell made no allegations that Woods was involved in failing to provide him with a medically necessary special diet or in denying him medical care while he was incarcerated. Thus, Littrell failed to offer any nexus between defendant Woods and the alleged civil rights violations. Therefore, neither Crist nor Woods is a proper defendant in Littrell's § 1983 action. See Rizzo, 423 U.S. at 377; King, 814 F.2d at 568.
 
 
 6
 Nonetheless, given the nature of Littrell's civil rights claims, and the fact that he may be able to name better defendants in his pro se complaint, the district court erred by dismissing the case under § 1915(d). See Neitzke, 490 U.S. at 324; Haines, 404 U.S. at 520; Noll 809 F.2d at 1446. The order of dismissal is therefore reversed, and the matter remanded to the district court to give Littrell an opportunity to amend his complaint in order to name the proper state officials.
 
 
 7
 VACATED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34 4. Accordingly, plaintiff's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit R. 36-3