17 F.3d 394
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Juan Carlos Gil GOMEZ, Plaintiff-Appellant,
v.
James ROWLAND, William Bunnell, et al., Defendants-Appellees.
 No. 92-16524.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 20, 1993.*
Decided Jan. 7, 1994.
 
 Before: SNEED, NOONAN, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Juan Carlos Gil Gomez, a state prisoner who is a Columbian national proceeding in forma pauperis, appeals from an order of the district court dismissing with prejudice his amended complaint alleging that his "civil rights were violated under the due process of law." Gomez contends that the district court erred in dismissing his 42 U.S.C. Sec. 1983 amended complaint as frivolous under 28 U.S.C. Sec. 1915(d). He claims that, as a prisoner who is also an alien, he has a constitutional right to a specific classification which accurately reflects his race and nationality on the Classification Scoring Sheet form used by the California Department of Corrections (CDC). Gomez contends that he has been deprived of a constitutional right under the Fourteenth Amendment because the CDC Classification Scoring Sheet is inaccurate in that it indicates he is a person of Mexican descent rather than a Columbian national. We affirm the district court's order because Gomez's section 1983 claim is meritless.
 
 I.
 FACTUAL AND PROCEDURAL BACKGROUND
 
 3
 Gomez is confined in the Chino, California Correctional Institute and is serving a prison term of 16 years to life for second degree murder. On September 17, 1991, he filed a civil rights complaint in the District Court for the Eastern District of California against Warden B.Y. Bunnell and Director James Rowland of the State of California's Department of Corrections (CDC). The complaint alleged that the CDC illegally classified him as a person of Mexican descent who also possesses a mental instability. The complaint also stated that Gomez was "housed with inmates classified [as] mexicans or mexican descent," and that his life was in danger. The complaint further alleges an apparent Eighth Amendment violation in that Gomez had complied with the grievance procedure at the state prison and that he had complained to prison authorities about the illegal classification, but no corrective action had been taken. Gomez sought a classification which accurately reflected his true name and nationality. Gomez also sought damages in the amount of two million dollars for the illegal classification and "defamation and slander."
 
 
 4
 Pursuant to 28 U.S.C. Sec. 636, the case was referred to a magistrate to conduct all pretrial matters and to submit a report and recommendation for final determination to the district court. On October 18, 1991, the magistrate issued an order dismissing the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Fed.R.Civ.P. 12(b)(6). The magistrate set forth in concise terms the deficiencies of the complaint, and granted Plaintiff thirty days to file an amended complaint "that complies with the requirements of the Federal Rules of Civil Procedure and the Civil Rights Act." Mag.Order at 5 (Oct. 16, 1991). The magistrate added that "failure to file an amended complaint in accordance with this order will result in dismissal of the action." Mag.Order at 5-6 (Oct. 16, 1991).[1]
 
 
 5
 On November 22, 1991, Plaintiff filed an amended complaint alleging that his "civil rights were violated under the due process of law" because he was illegally classified as "a person of nationality Mexican descent ..., and a person with mental instability, and with an erroneous custody level." The caption of the amended complaint identified James Rowland, et al. as the defendant. Gomez's amended complaint lists a variety of state statutes that are allegedly violated by the classification. In addition, Gomez submitted several items of identification to demonstrate his Columbian citizenship. Gomez's amended complaint did not state any facts intimating that he had suffered an injury from the allegedly illegal classification.
 
 
 6
 On December 29, 1991, the magistrate issued findings which were filed with the court clerk on December 31, 1991, and served on Gomez on January 2, 1992. The magistrate recommended that the amended complaint be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a constitutional claim. The magistrate concluded that, as a matter of law, Gomez was not entitled to relief under the facts alleged in the amended complaint because Gomez failed to allege any deprivation of a constitutional right and Gomez could not demonstrate any constitutional injury. The magistrate also advised that written objections could be filed within thirty days after being served with the findings and recommendations. The magistrate further noted that any written objections should be captioned "Objections to Magistrate Judge's Findings and Recommendations."
 
 
 7
 On February 6, 1992, Gomez filed a motion requesting a fifteen day extension of time "to comply with the requirements to the Eastern District in regard the Order to Amended Complaint, filed on December 31, 1991, which was mailed to me in the date January 09, 1992, ... and that because in this time I am in Administrative-Segregation ... from the date January 30, 1992." Gomez dated the motion February 2, 1992. The record does not reflect a ruling on this request by the magistrate or the district court. On March 13, 1992, Gomez filed a second amended complaint which was signed under penalty of perjury and dated March 9, 1992.
 
 
 8
 The second amended complaint alleges an illegal classification, "with a false inform CDC Classification Score Sheet, which classified myself, as a Mexican Descent, and with mental instability, and with wrong intellectual classification." The second amended complaint alleges that this classification deprives him of his civil rights for two reasons. First, his identification was "confused with a person Mexican Descent, which one [was] one of the three (3) suspects for the case of murder for what I was accused." Gomez also appears to allege that his prison sentence for second degree murder resulted from confusion about his identification and that a correction is necessary so that he may prove his innocence. Second, the classification endangers his life because his "identification [was] confused with a gang member, who [was] one of three suspects for the case of murder for what I was accused" and, as a result of the classification, he had experienced "seven different problems of physical altercations with inmates classified as mexicans, or Mexicans Descents." Gomez asserts that he had to clarify his true identification to "agree with [his] true nationality" in order to protect the safety and security of his life inside the prison. In a note following his signature, plaintiff asserts that he was unable to comply with the January 31, 1992 deadline because he was placed in administrative segregation.[2]
 
 
 9
 On April 7, 1992, the magistrate issued a report with amended findings and recommendations that superseded the December 31, 1991 findings and recommendations.[3] The magistrate concluded that the amended complaint was frivolous or malicious within the meaning of 28 U.S.C. Sec. 1915(d) because it lacked an arguable basis either in law or fact. On July 15, 1992, the district court issued an order adopting the April 7, 1992 findings and recommendations of the magistrate and dismissing the amended complaint with prejudice.
 
 II.
 DISCUSSION
 
 10
 We review de novo the district court's determination that an in forma pauperis claim is frivolous. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989). In doing so, we are mindful that the allegations of a pro se complaint are held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972).
 
 
 11
 Gomez appears to contend that the district court erred in dismissing with prejudice his amended section 1983 complaint because a prisoner in a California state prison has a constitutionally protected right to a specific classification under the Due Process and Equal Protection Clauses of the Fourteenth Amendment.
 
 
 12
 28 U.S.C. Sec. 1915 is designed to ensure that indigent litigants have meaningful access to the federal courts. Neitzke v. Williams, 490 U.S. 319, 324 (1989). Since a litigant whose filing fees and court costs are assumed by the public may lack an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits, section 1915(d) authorizes federal courts to dismiss a claim filed in forma pauperis "if satisfied that the action is frivolous or malicious." Neitzke, 490 U.S. at 324 (internal quotation omitted). The statute also provides judges "not only the authority to dismiss a claim based on an indisputably meritless legal theory; but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. at 327. We have approved the dismissal of in forma pauperis complaints "where the records and files of the court or other material properly noticed by the court show the claim to be frivolous." Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir.1984). "On the other hand, an indigent plaintiff with an arguable claim is entitled to issuance and service of process" of his or her complaint. Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir.1989).
 
 
 13
 In Jones v. Community Redevelopment Agency, 733 F.2d 646 (9th Cir.1984), we explained that a section 1983 claim has two elements:
 
 
 14
 (1) the conduct complained of must have been under color of state law, and (2) the conduct must have subjected the plaintiff to a deprivation of constitutional rights. Conclusionary allegations, unsupported by facts, [will be] rejected as insufficient to state a claim under the Civil Rights Act. The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim.
 
 
 15
 Id. at 649 (internal quotations and citations omitted). Deprivation of a constitutional right, within the meaning of section 1983, requires that the defendant perform "an affirmative act, particpate [ ] in another's affirmative acts, or omit [ ] to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." Leer v. Murphy 844 F.2d 628, 633 (9th Cir.1988) (internal quotation and citation omitted). With respect to causation, the inquiry must focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. Id. at 633. In this circuit, vicarious liability may not be imposed in a section 1983 case "in the absence of a state law imposing such liability.... in the absence of such a law, the state official must play a personal role in the constitutional deprivation to be liable." Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc), cert. denied, 112 S.Ct. 972 (1992).[4] A supervisor may also be directly liable, as opposed to vicariously liable, if a plaintiff can establish "either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient casual connection between the supervisor's wrongful conduct and the constitutional violation." Id. (internal quotation and citation omitted).
 
 
 16
 In the instant case, by order dated July 13, 1992, the district court adopted the magistrate's finding that Gomez could make no rational argument in law or fact that the classification deprived Gomez of a constitutional right. The magistrate's order filed April 7, 1992 explains that:
 
 
 17
 Prisoners have no constitutionally protected right to a specific classification. Plaintiff claims that defendants have illegally classified him as a person of Mexican descent because plaintiff was born in Columbia. Plaintiff does not contend that he has been discriminated against or treated differently based on his classification. Additionally, plaintiff has failed to allege that he is threatened in any way by his classification. Although plaintiff may feel injured by being classified as a person of Mexican descent rather than Columbian, such "injury" does not amount to a constitutional deprivation of plaintiff's civil rights.
 
 
 18
 Mag.Findings & Recommendations at 2-3 (April 17, 1992) (footnote omitted).
 
 
 19
 The magistrate also found that the CDC Classification Score Sheet, which Plaintiff claimed contained the illegal classification, did not appear to "classify" plaintiff as a Mexican. The box entitled "race/ethnic status" on the CDC Classification Score Sheet contains a number two, which is defined as "Mexican descent," but the narrative Institutional Staff Recommendation Summary refers to plaintiff as a Colombian alien. Mag.Findings & Recommendations at 3 (April 17, 1992). The magistrate also noted that the Summary indicated that "plaintiff had been in fights with Mexicans and Blacks while he was incarcerated at L.A. County Jail," but Plaintiff had not intimated that he was "presently in danger from known enemies." Mag.Findings & Recommendations at 3 n. 3 (April 7, 1992).[5]
 
 
 20
 We agree with the decision of the district court adopting the magistrate's analysis. The amended complaint at issue here fails to allege any facts which establish (1) the violation of a constitutional right, (2) an injury or threat of injury stemming from a constitutional violation, or (3) that the named defendant caused any alleged constitutional injury. Additionally, we note that Gomez's amended complaint appears to have abandoned the Eighth Amendment theory that was inarticulately stated in the original complaint. Instead, it appears as if Gomez is relying solely upon the "illegal classification" theory under the Fourteenth Amendment.[6] Because the amended complaint supersedes the original complaint, a claim alleged in the original complaint which is not also alleged in the amended complaint is waived. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). In the event, however, that Gomez's amended complaint could possibly be interpreted as implicitly relying upon the Eighth Amendment as well, we hold that Gomez has failed to state facts which demonstrate that the defendant's have acted with deliberate indifference. See Wilson v. Seifer, 111 S.Ct. 2321, 2327 (1991) (applying deliberate indifference standard to challenge prison conditions).
 
 
 21
 Our review of the amended complaint indicates that Gomez does not state specific facts which document that he has suffered any injury from the allegedly illegal classification. Likewise, Gomez fails to state any facts that describe the role of the named defendant in the amended complaint or any act or omission by the defendant that could arguably be construed as causing the claimed illegal classification. See Redman, 942 F.2d at 1446. Dismissal of a complaint pursuant to 28 U.S.C. Sec. 1915(d) is appropriate when, as here, the amended complaint alleges meritless legal theory and clearly baseless factual contentions. Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989).
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Accordingly, we deny Gomez's request for oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The magistrate further explained that:
 [p]laintiff has only alleged in general terms that his life is in danger due to the improper classification. Plaintiff has failed to provide any details concerning the nature of any alleged threat to his life or whether he has spoken to any prison official concerning such a threat. In order to cure the defect, plaintiff must state facts which specifically demonstrate the risk of harm he suffers from the allegedly improper classification. Plaintiff must allege facts which demonstrate more than a mere suspicion that he may be attacked due to his classification.
 Mag.Order at 5 (Oct. 16, 1991).
 
 
 [2]
 We note that Gomez dated his request for a fifteen day extension as of February 2, 1992 and on that request Gomez indicated that he was finishing the complaint to comply with the December 31, 1991 order. However, on the bottom of the second amended complaint Gomez stated that he was prepared to send the second amended complaint on January 30, 1992, but was placed in administrative segregation that day
 
 
 [3]
 In a footnote, the magistrate noted that Plaintiff had filed a second amended complaint on March 13, 1992. The magistrate clarified that he was only considering the November 22, 1991 amended complaint, but nevertheless opined that the second amended complaint was substantially similar to the November 22, 1991 amended complaint. Gomez does not contend on appeal that his second amended complaint was properly filed with the court in accordance with the court's stated filing deadline or that the court erred in not considering the second amended complaint. Additionally, Gomez did not request leave of the court to file the second amended complaint pursuant to Federal Rule of Civil Procedure 15 and he ignored the court's specific order to caption any objections to the December 29, 1991 findings as "Objection's to Magistrate Judge's Findings and Recommendations." Accordingly, our discussion is limited only to the amended complaint
 
 
 [4]
 Gomez does not direct our attention to any authority permitting the imposition of vicarious liability in a section 1983 case and our research has not uncovered the existence of any such authority
 
 
 [5]
 The narrative Institutional Staff Recommendation Summary stated that plaintiff had "acknowledge[d] having been involved in several fights with other Black and Mexican inmates [while in custody at Los Angeles County Jail]. [Gomez] [c]laims altercations were racial, with no specific conflict claimed.... Currently, above enemies remain unidentified."
 
 
 [6]
 In response to the question on his Informal Brief asking what law supports his appeal, Gomez wrote:
 United States Constitution, Fourteenth Amendment: "classifications based on alienage, nationality or race are inherently suspect and subject to close judicial scrutiny." Graham v. Richardson, (1971) 403 U.S. 365, 29 L.Ed.2d 534.
 "The fact that an act of Congress treats aliens differently from citizens does not in itself imply that such disparate treatment is "invidious" for due process purposes." Mathews v. Diaz, 426 U.S. 67.
 "Racial segregation, which is unconstitutional outside prisons, is unconstitutional within prisons, save for 'the necesities of prison security and discipline.' Cruz v. Beto, 405 U.S. 319. "Prisoners are protected under equal protection clause of Amend XIV from envidious discrimination based on race." Wollf v. McDonell (1974) 418 U.S. 539.