15 F.3d 1084
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 David Allen DILLIER, Plaintiff-Appellant,
v.
Richard WILLIAMS, Sheriff, Defendant-Appellee.
 No. 93-56380.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 4, 1994.*
Decided Jan. 13, 1994.
 
 Before: REINHARDT, O'SCANNLAIN, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 David Allen Dillier appeals pro se the district court's order denying leave to file his 42 U.S.C. Sec. 1983 prisoner civil rights complaint without prepayment of filing fees under 28 U.S.C. Sec. 1915. We have jurisdiction under 28 U.S.C. Sec. 1291. A district court's denial of leave to proceed in forma pauperis is reviewed for an abuse discretion. Denton v. Hernandez, 112 S.Ct. 1728, 1734 (1992). We vacate and remand to the district court for further proceedings.
 
 
 3
 The district court may grant leave to proceed in forma pauperis if a litigant is unable to pay the filing fees and if the complaint is not frivolous.[1] Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1369-70 (9th Cir.1987). A complaint is frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989).
 
 
 4
 Dillier's complaint alleges that he lost of several teeth because of inadequate dental care. "Dental care is one of the most important medical needs of inmates." Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.1989) (citation omitted). Therefore, the Eighth Amendment requires that prisoners be provided with adequate dental care. Id. Nevertheless, mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97, 104 (1976).
 
 
 5
 Although not artfully pleaded, Dillier's complaint alleges more than mere negligence. In his complaint, Dillier states that the denial of dental treatment was "negligent and [in] wanton disregard rising to a deliberate indifference...." Liberally construed, his complaint may state a nonfrivolous claim of deliberate indifference to his serious medical needs. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam) (pro se pleadings are liberally construed).
 
 
 6
 Dillier also alleges that he was harassed in retaliation for filing grievances. Prisoners have a fundamental right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). An inmate's pursuit of a legal action is protected by the First Amendment. Rizzo v. Dawson, 778 F.2d 527, 531 (9th Cir.1985). In order to prove that prison officials have unconstitutionally retaliated against a prisoner for exercising his First Amendment rights, a prisoner must demonstrate not only that his rights were protected by the First Amendment, but also that the prison officials' allegedly retaliatory acts did not advance a legitimate penological goal or were not narrowly tailored to achieve that goal. Id. at 532. Construed liberally, Dillier's complaint alleges that he was retaliated against by prison officials for commencing litigation. Accordingly, he may state a nonfrivolous claim of violation of his First Amendment right of access to the courts. See Haines v. Kerner, 404 U.S. at 520 (pro se pleadings are liberally construed).
 
 
 7
 Sheriff Richard Williams is the only named defendant in Dillier's complaint. Dillier, however, fails to allege any acts or omissions by the sheriff which resulted in the alleged constitutional violations. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987) (official must personally participates in the constitutional deprivation or be aware of the abuses and with deliberate indifference fail to prevent further misconduct). Accordingly as currently pleaded, the sheriff is not a proper party. See id. Nevertheless, Dillier may be able to amend his complaint to show acts or omissions by the sheriff or to name proper defendants. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 8
 Because Dillier alleges at least two arguably nonfrivolous claims, and because he may be able to cure the deficiencies in his complaint by amendment, the district court erred in denying Dillier permission to proceed in forma pauperis under 28 U.S.C. Sec. 1915. See Neitzke, 490 U.S. at 324. Accordingly, we vacate the district court's order and remand to the district court with instructions to grant in forma pauperis status and for the issuance and service of process. See Jackson v. Arizona, 885 F.2d 639, 641 (9th Cir.1989).
 
 
 9
 VACATED and REMANDED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.app.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This deposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Dillier appears to be indigent based on his declaration in support of request to proceed in forma pauperis