19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hector Clyde WOOD, Plaintiff-Appellant,
v.
BENTON COUNTY CORRECTIONS FACILITY, et al., Defendants-Appellees.
 No. 92-37013.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided March 2, 1994.
 
 Before: SCHROEDER, CANBY, and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Hector Clyde Wood, an Oregon state prisoner, appeals pro se the district court's order granting the defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. Wood claims that the defendants violated his civil rights during his extradition from California to Oregon and his subsequent 72-day incarceration at the Benton County Corrections Facility ("BCCF"). Specifically, Wood claims that:
 
 
 3
 (1) his court-appointed attorneys (defendants Dickerson, Lorence and Petersen) participated in a conspiracy of "misinformation," which led to a wrongful conviction;
 
 
 4
 (2) the prosecuting attorney and state court judge (defendants Sandrock and Gardner) initiated and executed an invalid arrest warrant which lead to an illegal extradition;
 
 
 5
 (3) employees of Benton County Sheriff's office and the BCCF (defendants Cook, Russell, Teeter, Robson, Williams, Knapp, Adamski, Sazie, Coler, Iverson, Bellwood and Aldrich) committed kidnapping and false imprisonment and violated his Eighth and Fourteenth Amendment rights when they extradited him from California;
 
 
 6
 (4) employees of the BCCF (defendants Russell, Teeter, Williams, Knapp, Adamski, Sazie, Coler, Iverson, Bellwood and Aldrich) violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical needs and providing him with an inadequate diet;
 
 
 7
 (5) employees of BCCF (defendants Cook, Robson, Adamski, Coler, Teeter, Iverson, Bellwood and Aldrich) violated his civil rights by interfering with the delivery of his legal mail and related papers;
 
 
 8
 (6) employees of BCCF (defendants Russell, Adamski, Coler, Teeter, Iverson, Bellwood and Aldrich) violated his civil rights by denying him access to a legal library and legal supplies;
 
 
 9
 (7) employees of BCCF (defendants Russell, Adamski, Coler, Teeter, Iverson, Bellwood and Aldrich) violated his rights under the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment during his 72-day incarceration. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo, Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992), and affirm.
 
 
 10
 A grant of summary judgment should be affirmed only if the evidence, read in the light most favorable to the nonmoving party demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989). To defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any elements that are essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); Taylor, 880 F.2d at 1045. Summary judgment is not appropriate if a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
 
 
 11
 To establish liability under Sec. 1983, the plaintiff must demonstrate that the defendants, acting under color of state law, deprived him of a right guaranteed under the Constitution or federal statute. Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir.1988).
 
 
 12
 1. Claims against Wood's court-appointed attorneys
 
 
 13
 Court-appointed counsel does not generally act under color of state law when engaged in the ordinary course of conducting the defense. Polk County v. Dodson, 454 U.S. 312, 318 (1981); Cox v. Hellerstein, 685 F.2d 1098, 1099 (9th Cir.1982). However, a cause of action exists for the purposes of Sec. 1983 if the plaintiff can plead and prove that the public defender actually conspired with state officials. Tower v. Glover, 467 U.S. 914, 923 (1984). But mere conclusory allegations of a conspiracy without more, are insufficient to state a claim against court-appointed counsel. Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir.1982).
 
 
 14
 Here, defendants Dickerson, Lorence and Petersen were Wood's appointed counsel at various times during his state criminal proceedings. Wood failed to present any specific evidence that Dickerson, Lorence or Petersen engaged in a conspiracy with state officials. Thus, Wood's Sec. 1983 claim against his court-appointed attorneys is deficient. See Tower, 467 U.S. at 923; Dodson, 454 U.S. at 318; Cox, 685 F.2d at 1099; Ivey, 673 F.2d at 268.
 
 2. Wood's extradition
 
 15
 (a) defendants Sandrock and Gardner
 
 
 16
 Prosecutors are absolutely immune from liability under 42 U.S.C. Sec. 1983 when acting within the scope of a prosecutor's traditional functions. Imbler v. Pachtman, 424 U.S. 409, 425 (1976); Demery v. Kupperman, 735 F.2d 1139, 1143-44 (9th Cir.1984), cert. denied, 469 U.S. 1127 (1985); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir.1984). Judges are entitled to absolute immunity in the course of judicial proceedings. Stump v. Sparkman, 435 U.S. 349, 355 (1978); Ashelman v. Pope, 793 F.2d 1072, 1078 (9th Cir.1986).
 
 
 17
 Here, defendant Sandrock, a state prosecutor, secured an arrest warrant and initiated extradition proceedings after Wood failed to appear for sentencing after his conviction. Because these activities are within the traditional duties of a prosecutor, he is entitled to absolute immunity. See Imbler, 424 U.S. at 425; Demery, 735 F.2d at 1144.
 
 
 18
 Further, defendant Gardner, a state court judge, issued a bench warrant for Wood's arrest, and sentenced him to prison. Because these actions taken by Judge Gardner were in the course of judicial proceedings, he is entitled to absolute judicial immunity. See Stump, 435 U.S. at 355; Ashelman, 793 F.2d at 1078.
 
 
 19
 (b) defendants Cook, Russell, Teeter, Robson, Williams, Knapp, Adamski, Sazie, Coler, Iverson, Bellwood and Aldrich ("County defendants")
 
 
 20
 In determining whether a plaintiff's extradition was lawful, the district court must consider: (1) whether the extradition documents on their face were in order; (2) whether plaintiff had been charged with or convicted of a crime in the receiving state; (3) whether plaintiff was the person named in the extradition documents; and (4) whether plaintiff was a fugitive. Michigan v. Doran, 439 U.S. 282, 288 (1978); Draper v. Coombs, 792 F.2d 915, 920 n. 7 (9th Cir.1986).
 
 
 21
 Individual public officials cannot be held liable under Sec. 1983 where there is no evidence that named defendants personally participated in the conduct that allegedly caused the constitutional deprivations or, where the defendant is a supervisor, there is no evidence that the defendant participated in the conduct that allegedly caused the deprivation. Rizzo v. Goode, 423 U.S. 362, 373-77 (1976); King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); Ybarra, 723 F.2d at 680.
 
 
 22
 To show a violation of the Eighth Amendment, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). To determine deliberate indifference, the court must focus on two elements: "the seriousness of the prisoner's medical need and the nature of the defendant's response to that need." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir.1992).
 
 
 23
 Here, Wood did not dispute that the documents required for his extradition were in order, that he had been convicted of rape, that he was the person named in the extradition papers, or that he was a fugitive. Wood did not raise an issue of fact regarding whether there was a constitutional violation in the procedures used. Thus, Wood was lawfully extradited from California. See Doran, 439 U.S. at 288; Draper, 792 F.2d at 920 n. 7.
 
 
 24
 Further, County defendants submitted undisputed evidence that none of them participated in transporting Wood from California to Benton County, and Wood failed to present any evidence indicating that he had glaucoma or that County defendants knew or should have known that he had any such problems. Thus, Wood's Eighth Amendment claims relating to his extradition lack merit. See Estelle, 429 U.S. at 106; Rizzo, 423 U.S. at 373-77; McGuckin, 974 F.2d at 1059; King, 814 F.2d at 568; Ybarra, 723 F.2d at 680.
 
 3. Wood's incarceration at BCCF
 
 25
 (a) violations of his Eighth Amendment rights
 
 
 26
 A mere delay in treatment does not constitute a violation of the Eighth Amendment unless the delay causes substantial harm. Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 27
 Here, because undisputed evidence established that only defendants Knapp, Sazie and Williams had any control or authority over Wood's medical care and diet, the remaining County defendants (Cook, Russell, Teeter, Robson, Adamski, Coler, Iverson, Bellwood, and Aldrich) could not have violated his Eighth Amendment rights by acting with deliberate indifference to his serious medical and nutritional needs. See Rizzo, 423 U.S. at 373-77; King, 814 F.2d at 568; Ybarra, 723 F.2d at 680; Johnson, 588 F.2d at 743-44.
 
 
 28
 Wood was seen by medical personnel at BCCF at least eleven times during his approximately two-month stay. Wood offered no evidence that his medical complaints were ignored or thwarted by prison officials. In fact, Wood received medication for his diabetes and fingerstick blood sugar tests twice daily, and he was allowed sugar substitutes and juice on request and Ibuprofen three times daily as necessary for pain. Further, Wood received an examination and treatment for an eye condition within two days of his arrival at BCCF. The ophthalmologist concluded that his visual field was entirely normal and he did not have iritis or glaucoma, and he was given a prescription for glasses. Finally, defendant Sazie prescribed a diet of yogurt, fruit and vegetables to control Wood's diabetes. Wood presented no evidence that he was denied meals. Thus, Wood's claim that defendants were deliberately indifferent to his medical needs or was denied meals lacks merit. See Estelle, 429 U.S. at 106; McGuckin, 974 F.2d at 1059. Therefore Wood failed to establish that defendants violated his Eighth Amendment rights. See Estelle, 429 U.S. at 106; Wood, 900 F.2d at 1335.
 
 
 29
 (b) Interference with legal mail
 
 
 30
 A three-day deprivation of an inmate's legal materials does not rise to the level of a constitutional violation. Vigliotto v. Terry, 873 F.2d 1201, 1203 (9th Cir.1989).
 
 
 31
 Wood contends that defendants Cook, Robson, Adamski, Coler, Teeter, Iverson, Bellwood and Aldrich violated his civil rights by participating in a conspiracy to "interdict" or "harass" his legal mail and related papers on three specific occasions.[1] However, because Wood failed to offer any evidence that the named defendants personally participated in the incidents he claims occurred on June 8, and June 17, 1989, his Sec. 1983 claim is deficient. See Rizzo, 423 U.S. at 373-77; King, 814 F.2d at 568; Ybarra, 723 F.2d at 680.
 
 
 32
 Wood does claim that on July 22, 1989, defendant Adamski interfered with the delivery of a confidential report for two hours so that Adamski could read it and have an associate make a copy. However, Wood offers no evidence to refute defendants' affidavits claiming that Adamski withheld the document for only five minutes, and neither read nor copied the document. Thus, this interference and delay does not amount to a constitutional deprivation. See Vigliotto, 873 F.2d at 1203.
 
 
 33
 (c) Denial of access to courts
 
 
 34
 Providing access to law libraries is but one of a number of constitutionally permissible means of providing meaningful access to courts. Bound v. Smith, 430 U.S. 817 (1977). Legal assistance at government expense is a constitutionally permissible means of access to the courts. United States v. Wilson, 690 F.2d 1267, 1271 (9th Cir.1982), cert. denied, 464 U.S. 867 (1983). When adequate access is provided, an inmate may not reject the method provided and insist on the avenue of his or her choice. Id.
 
 
 35
 Here, Wood had court-appointed counsel the entire time he was incarcerated at BCCF. Defendants provided Wood with paper and envelopes for legal correspondence, but pursuant to BCCF policy Wood was instructed to make his request for a law library and legal supplies to his court-appointed attorney. Because Wood failed to show that he was harmed by having to address his request for legal materials to his court-appointed counsel, defendants did not deprive Wood of his constitutional right to access to the courts. See Wilson, 690 F.2d at 1271.
 
 
 36
 (d) Violations of Fourteenth Amendment
 
 
 37
 Vague and conclusory allegations are not sufficient to support a Sec. 1983 claim or to withstand summary judgement. Keniston v. Roberts, 717 F.2d 1295, 1300 (9th Cir.1983); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.1978), cert. denied, 442 U.S. 941 (1979). Conclusory allegations by themselves do not establish an equal protection violation without proof of invidious discriminatory intent. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 265 (1977).
 
 
 38
 Here, Wood fails to raise a genuine issue of material fact as to any deprivation of a protected liberty interest or violation of due process of law. Further, Wood fails to offer any evidence establishing that defendants treated him differently from other inmates, or that their actions were motivated by intentions to discriminate against him. Thus, Wood's Fourteenth Amendment claims are deficient. See Keniston, 717 F.2d at 1300; Mosher, 598 F.2d at 441.
 
 
 39
 Accordingly, the district court did not err in granting defendants' motion for summary judgment in his 42 U.S.C. Sec. 1983 action. See Celotex, 477 U.S. at 322; Anderson, 477 U.S. at 248; Taylor, 880 F.2d at 1044.
 
 
 40
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Wood alleged that (1) a BCCF corrections deputy took legal papers from him on June 8, 1989 and refused to return them to him for several days; (2) Wood's wife mailed legal briefs to him that arrived at BCCF on June 13, 1989 but Wood did not receive those papers until June 17, 1989, after they had been opened outside of his presence; and (3) defendant Adamski interfered with the delivery of a confidential report that was given to him by Wood's attorney on July 22, 1989