Kim KING and Kent Norman, et al.,
Plaintiffs-Appellants,

v.

Victor ATIYEH, et al.,
Defendants-Appellees.

No. 85–4174.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 6, 1986.*

Decided April 8, 1987.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth

Circuit Rule 3(f) and Fed.R.App.P. 34(a).

Kent Norman, Salem, Or., for plaintiffs-appellants.

David Schuman, Salem, Or., for defendants-appellees.

Before TANG, FERGUSON and HALL, Circuit Judges.

CYNTHIA HOLCOMB HALL, Circuit Judge:

Kim King (King) and Kent Norman (Norman) appeal pro se the district court's dismissal of their 42 U.S.C. § 1983 class action against the Governor of Oregon, the Attorney General of Oregon, and the Superintendent of the Oregon State Hospital. They contend that the district court erred in ignoring their original complaint after they filed an amended complaint, in dismissing their action against the governor and the attorney general for failure to sue the proper defendant, and in dismissing their action against the superintendent for failure to state a claim. This court has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

## I

King and Norman were found guilty except for insanity of certain crimes. They were placed under the jurisdiction of the Psychiatric Security Review Board and sent to the Oregon State Hospital for care, custody, and treatment. In their original complaint, King and Norman alleged that the lack of a law library, the censorship of certain television programming, and other restrictions violated the fifth, sixth, eighth, and fourteenth amendments. They later filed an amended complaint alleging that institutional restrictions on mailing privileges denied them access to the courts, in violation of both the first and fourteenth amendments.[1] The amended complaint did not incorporate either explicitly or by refer-

ence the allegations of the original complaint.

On May 14, 1985, the district court dismissed the action as to the governor and the attorney general. On May 15, 1985, the court ruled that the amended complaint superseded the original complaint. On September 11, 1985, the court dismissed the action against the superintendent for failure to state a claim. King and Norman now appeal these rulings.

## II

We review a dismissal for failure to state a claim de novo. *In re Financial Corp. of America Shareholder Litigation,* 796 F.2d 1126, 1127 (9th Cir.1986). To uphold such a dismissal, it must appear to a certainty that the plaintiff would not be entitled to relief under any set of facts that could be proved. *Id.* at 1128. In civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt. *Bretz v. Kelman,* 773 F.2d 1026, 1027 n. 1 (9th Cir.1985) (en banc); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972) (per curiam).

## III

King and Norman contend that the district court erred in holding that their amended complaint superseded their original complaint. This contention is meritless. All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. *London v. Coopers & Lybrand,* 644 F.2d 811, 814 (9th Cir.1981). Pro se litigants must follow the same rules of procedure that govern other litigants. *United States v. Merrill,* 746 F.2d 458, 465 (9th Cir.1984), *cert. denied,* 469 U.S. 1165, 105 S.Ct. 926, 83 L.Ed.2d 938 (1985).

## IV

King and Norman also contend that the district court erred in dismissing

---

1. Indigent patients at Oregon State Hospital are allowed to mail only three first-class letters per week.

their complaint as to the governor and the attorney general. State officials are not subject to suit under section 1983 unless they play an affirmative part in the alleged deprivation of constitutional rights. *Rizzo v. Goode,* 423 U.S. 362, 377, 96 S.Ct. 598, 607, 46 L.Ed.2d 561 (1976). In this case, the amended complaint is barren of any allegations that the governor or the attorney general knew of, or took part in, any constitutional deprivations. Therefore, the district court properly dismissed the action as to the governor and the attorney general.

## V

 Finally, King and Norman contend that the district court erred in dismissing their complaint against the superintendent for failure to state a claim. We agree.

Indigent inmates have a constitutional right to meaningful access to the courts. *Bounds v. Smith,* 430 U.S. 817, 821–23, 97 S.Ct. 1491, 1494–95, 52 L.Ed.2d 72 (1977).[2] They must be provided with postage stamps at state expense to mail legal documents, *id.* at 824–25, 97 S.Ct. at 1496, although a state may adopt reasonable postage stamp regulations. *Chandler v. Coughlin,* 763 F.2d 110, 115 (2d Cir.1985); *Hoppins v. Wallace,* 751 F.2d 1161, 1162 (11th Cir.1985) (per curiam); *Twyman v. Crisp,* 584 F.2d 352, 359 (10th Cir.1978) (per curiam); *Bach v. Coughlin,* 508 F.2d 303, 307 (7th Cir.1974) (per curiam); *cf. Lindquist v. Idaho State Board of Corrections,* 776 F.2d 851, 858 (9th Cir.1985) (prison officials may regulate the time, manner, and place in which law library facilities are available). There is no established minimum requirement that a state must meet in order to provide indigent inmates with adequate access to the courts. Instead, a reviewing court should focus on whether the individual plaintiff before it has been denied meaningful access. *Hoppins,* 751

F.2d at 1162; *Twyman,* 584 F.2d at 359; *see also Lindquist,* 776 F.2d at 858.

 In this case, King and Norman allege that the policy of the Oregon State Hospital limiting indigent patients to three stamps per week is unconstitutional. The district court dismissed this claim, holding that King and Norman failed to allege that the state's policy actually interfered with their or any similarly situated individual's access to the courts. A close reading of the complaint indicates otherwise. King and Norman alleged that "plaintiffs have often found it necessary to communicate with the courts more than three (3) times per week and often the pleadings need more than twenty (20) cents postage."[3] Read liberally, as required by our decisions, this allegation is sufficient to state a claim for the denial of meaningful access to the courts. The district court erred in dismissing the claim.

AFFIRMED IN PART, REVERSED IN PART, and REMANDED.

---

2. King and Norman are patients at Oregon State Hospital, involuntarily committed after criminal trials. Like inmates confined in prisons, they have a constitutional right to meaningful access to the courts. *See Ward v. Kort,* 762 F.2d 856, 858 (10th Cir.1985); *Johnson by Johnson v. Brelje,* 701 F.2d 1201, 1207 (7th Cir.1983).

3. At the time of the filing of the amended complaint, the first-class postage rate for letters was twenty (20) cents.