**In re Jack YANKS and Ruth Yanks, Casino Villas, Inc., Appellants.**

**No. 87–1405–Civ.**

United States District Court, S.D. Florida, Miami Division.

Oct. 22, 1987.

Lynn Harris, pro se.

## MEMORANDUM OPINION

SCOTT, District Judge.

This is an appeal from a U.S. Bankruptcy Judge's denial of appellant's motion for recusal. All interested parties have had the opportunity to extensively brief the issues and present oral argument. The issues are now ripe for disposition. Initially, the Court is compelled to note that the bankruptcy proceedings of the debtors, Jack and Ruth Yanks, have been anything but routine. There is no need to completely review the tortuous history of this case except to observe that the administration of the bankrupt estate has been severely hampered by the actions of the debtors through Jack Yanks' *pro se* representation.

### "PRO SE ABUSE"

Following a well-documented history of abuse and after realizing that self-representation was not only disruptive of the judicial process, but was also contrary to the interests of the debtors themselves, U.S. Bankruptcy Judge Sidney Weaver issued an order requiring Mr. Yanks to obtain counsel prior to filing additional pleadings in his court. *See* Order of SMW dated February 2, 1987. Mr. Yanks proceeded to flagrantly violate that order ultimately resulting in criminal contempt proceedings before the undersigned Judge. Mr. Yanks was found guilty and sentenced to 6 months incarceration. *See* Order of Judgment and Commitment dated 5/28/87. However, because the Court felt that it had impressed Mr. Yanks with the severity of the situation, the sentence was suspended and the contemnor was placed on probation and ordered to complete 100 hours of community service. A condition of the proba-

tion was that Mr. Yanks abide by all of Judge Weaver's orders.

Notwithstanding the history of this case and Yanks' criminal conviction, based on unsubstantiated accusations of bias and prejudice, Mr. Yanks promptly moved for recusal of Judge Weaver. Finding no basis for the motion, the judge denied it. Mr. Yanks now appeals to the United States District Court.

### "REMARKABLE RESTRAINT"

This Court has meticulously reviewed the record and finds no merit in this appeal. 28 U.S.C. § 455; *United States v. Greenough*, 782 F.2d 1556 (11th Cir.1986). The record demonstrates that Mr. Yanks has abused his *pro se* right of access to our judicial system so as to interfere with the effective administration of the bankruptcy court. *See Platel v. Maguire, Voorhis & Wells P.A.*, 436 So.2d 303 (5th DCA Fla. 1983). There is no evidence of bias or prejudice on the part of Judge Weaver anywhere in the record. Indeed, it is obvious that the judge has shown remarkable restraint in his dealings with Mr. and Mrs. Yanks. Understandable frustration should not form a basis for granting a recusal; nor should unfounded accusations of a debtor, or the tendency of a judge to rule a particular way. *Parliament Insurance Co. v. Hanson*, 676 F.2d 1069, 1975 (5th Cir.1982). These proceedings have been pending for over four years with no successful plan of reorganization having been accepted. Notwithstanding the delaying tactics and barrage of pleadings of the debtor, Judge Weaver has consistently refused to grant the Trustee's motions to convert the proceedings to Chapter 7 liquidation. This fact completely belies Yanks' argument that the judge's rulings are guided by bias or prejudice. *See Phillips v. Joint Legislative Comm.*, 637 F.2d 1014 (5th Cir.1981).

Finally, this Court finds Mr. Yanks' accusations completely spurious and irresponsible. Similar unsubstantiated accusations submitted by an attorney would subject counsel to severe disciplinary measures. While this Court recognizes that *pro se* pleadings are to be afforded liberal construction, *King v. Atiyeh*, 814 F.2d 565 (9th Cir.1987), *pro se* litigants "must follow the same rules of procedure that govern other litigants." 814 F.2d at 567. The effective administration and integrity of our judicial system demand no less.

### "FOOL FOR A CLIENT"

In light of the above, it is ORDERED and ADJUDGED as follows:

1. The denial of Mr. Yanks' Motion to Recuse is AFFIRMED, and this appeal is hereby DISMISSED. Mr. Yanks is very intelligent and fully capable of understanding the import of this ruling. The Court reminds Mr. Yanks of the terms of the sentence of probation handed down by the Court previously. *It remains in full force and effect.* By way of recommendation, the Court would call Mr. Yanks' attention to the age-old adage: "A lawyer who represents himself has a fool for a client."

2. Atico's Motion for Withdrawal of Reference is DENIED. While the Court sympathizes with the creditors' mounting frustration at the protraction of these proceedings, the Court defers to the judgment and expertise of Judge Weaver to effectively handle the administration of this case.