951 F.2d 359
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Albert R. GARCIA, Jr., Plaintiff-Appellant,
v.
Sally E. LAMBERT and Ron Angelone, Defendants-Appellees.
 No. 91-15285.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 12, 1991.*
Decided Dec. 19, 1991.
 
 Before WALLACE, Chief Judge, SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Albert R. Garcia, Jr., a Nevada state prisoner, appeals pro se the district court's denial of his motion for a temporary restraining order and a preliminary injunction in his 42 U.S.C. § 1983 action.[1] Garcia sought to enjoin prison officials from freezing his inmate trust fund pending trial in his civil rights action and from using funds in his inmate account to reimburse the State for indigent legal postage when he was no longer classified as indigent. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1) and affirm.
 
 
 3
 Our review of a preliminary injunction is limited. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) (" '[r]eview of an order granting or denying a preliminary injunction is much more limited than review of a permanent injunction' " (quoting Zepeda v. United States Immigration & Naturalization Service, 753 F.2d 719, 724 (9th Cir.1983)). We will reverse the district court's denial of a preliminary injunction only for an abuse of discretion. Hunt, 872 F.2d at 292. "[W]e will not reverse the district court's order simply because we would have reached a different result." Id.
 
 
 4
 In determining whether the district court abused its discretion, we look to whether the court (1) applied the wrong substantive law governing injunctive relief or (2) based its decision upon a misapplication of the underlying substantive law or upon a clearly erroneous finding of fact. See id.
 
 
 5
 Here, by requiring Garcia, as the moving party, to show likelihood of success on the merits and irreparable injury or at least that serious questions were raised and the balance of hardship tips sharply in his favor, the district court applied the correct substantive law governing the issuance of injunctions. See, e.g., Burlington N.R.R. Co. v. Department of Revenue of the State of Washington, 934 F.2d 1064, 1074 n. 6 (9th Cir.1991).
 
 
 6
 The district court then determined that, on the evidence before the court, Garcia had not demonstrated either sufficient likelihood of success on the merits or that he would suffer irreparable harm or serious hardship warranting injunctive relief. The court observed that Garcia's legal mail and his access to the courts were unimpaired by the defendants' freezing of his inmate trust account and seeking reimbursement for past legal postage when the balance in his inmate trust fund account exceeded ten dollars. The court also found that on at least one occasion, Garcia had been able to purchase personal items from the prison canteen despite his inmate account being frozen. Moreover, while inmates have a constitutional right to access to the courts, see Bounds v. Smith, 430 U.S. 817, 821-23 (1977), including the right to "postage stamps at state expense to mail legal documents," this right is not unlimited. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). Given these circumstances, we cannot say that the district court abused its discretion by denying Garcia's motion for a preliminary injunction. See Hunt, 872 F.2d at 292.
 
 
 7
 We stress, however, that given the nonintrusive nature of our review, disposition of this matter will affect the parties only until the merits of the action are decided by the district court, at which point the losing party may seek review of the underlying substantive merits of the action. See id. at 293.
 
 
 8
 AFFIRMED.
 
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 [1]
 To the extent Garcia seeks to appeal the district court's denial of a temporary restraining order, it is not appealable. See Hunt v. National Broadcasting Co., 872 F.2d 289, 292 (9th Cir.1989) ("denial of a temporary restraining order is not generally appealable unless it effectively decides the merits of the case" (citation omitted)). Thus, we review only the denial of the preliminary injunction. See id