ROBERT MILLER, CHAIRMAN OF NEVADA BOARD OF PRISON COMMISSIONERS; FRANKIE SUE DEL PAPA, NEVADA ATTORNEY GENERAL; RON ANGELONE, DIRECTOR OF NEVADA DEPARTMENT OF PRISONS; SALVADOR GODINEZ, WARDEN, ELY STATE PRISON; CHARLES WOLFF, ASSOCIATE WARDEN OF PROGRAMS, ELY STATE PRISON; JERRY DeFOREST, BUSINESS MANAGER, ELY STATE PRISON, AND MARY LONG, NEVADA DEPARTMENT OF PRISONS COMPLIANCE MONITOR, APPELLANTS, v. MICHAEL R. EVANS, RESPONDENT.

No. 22150

May 18, 1992                    832 P.2d 786

*Frankie Sue Del Papa,* Attorney General, and *Paul G. Yohey,* Deputy Attorney General, Carson City, for Appellants.

*Gary D. Fairman,* Ely, for Respondent.

## OPINION

*Per Curiam:*

Respondent Michael R. Evans, an inmate at Ely State Prison, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Evans' complaint alleged that appellants failed to provide him with meaningful access to the courts by not maintaining a constitutionally adequate law library at Ely State Prison. Both Evans and appellants filed motions for summary judgment.

The district court, relying on *Craig v. Hocker,* 405 F.Supp. 656 (D.Nev. 1975), ruled that the Ely prison law library is constitutionally inadequate, and granted Evans' motion for summary judgment. The facts are not in dispute.

The inventory of the Ely State Prison law library is set forth in the appendix to this opinion. In addition to the volumes itemized in the appendix, the library contains directories and various books and articles on federal and state criminal law, criminal procedure, and civil procedure. Inmates are also offered the assistance of inmate law clerks and law librarians. Moreover, law books and legal materials that are unavailable to inmates at the Ely prison law library may be borrowed or copied from the Nevada Supreme Court law library.

## DISCUSSION

Appellants contend that the Ely prison law library's law book inventory is constitutionally adequate and that the filing of the instant suit and a petition for a writ of mandamus cogently demonstrate that Evans was not denied access to the courts. Appellants therefore insist that the district court erred in granting Evans' motion for summary judgment.

Evans contends that *Craig* was rightly viewed as dispositive by the district court since it is undisputed that the Ely prison law library does not contain all of the books specified in *Craig*. Evans takes the position that *Craig* identifies the legal volumes constitutionally required in a Nevada prison law library. There is no allegation by Evans, however, that he needed a particular volume he was unable to obtain, or that the perceived deficiency in the prison library prevented him from researching a particular area of law.

Inmates have a fundamental constitutional right of access to the courts through reasonably adequate law libraries or assistance from persons trained in the law. Bounds v. Smith, 430 U.S. 817, 828 (1977) (main concern is protecting ability of an inmate to prepare a petition or complaint). A prison law library will be considered adequate if it provides indigent inmates with a sufficient basic foundation for the preparation of legal actions. *Id.* at 829.

Nevada's system of satellite law libraries and inmate law clerks provides inmates with a constitutional basis for meaningful access to the courts. *See* Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1991). In addition, the Ninth Circuit Court of Appeals has stated that the "Pacific Reporter 2d, Shepard's Citations, a number of additional reference books, and earlier editions of the Federal Supplement . . . would be found in an ideal law library. However, the Prison need not provide its inmates with a library that results in the best possible access to

the courts." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 856 (9th Cir. 1985). A prison law library must only meet minimal constitutional standards, and such minimal standards do not require prison officials to maintain a set of the Pacific Reporters. *See id.;* Johnson v. Moore, 948 F.2d 517, 521 (9th Cir. 1990). Finally, "[i]n determining whether this constitutional minimum has been breached we 'focus on whether the individual plaintiff before [us] has been denied meaningful access [to the courts].'" *Wood,* 900 F.2d at 1335 (quoting King v. Atiyeh, 814 F.2d 565, 568 (9th Cir. 1987)).

Neither the federal nor the Nevada constitution is offended by less than ideal prison law libraries except in those specific instances where an inmate has demonstrated that library deficiencies "were substantial, that the equivalent information could not be obtained through alternative sources, or that the omissions obstructed his access to the courts." *Johnson,* 948 F.2d at 521.

An inmates' entitlement to prison law library inventories must be subject to a rule of reason. There are limits on the extent to which the public fisc must be utilized to satisfy the incessant demands of our incarcerated population. The requirements of due process are sufficiently flexible to accommodate the public need to make efficient use of its limited resources in satisfying the right of inmates to have access to legal volumes and materials that they may deem necessary or desirable in exploring their avenues of access to the courts.

Evans has failed to demonstrate that he was unable to obtain from the Nevada Supreme Court law library or other state or county resources, any law books or other legal materials that were unavailable at the Ely prison law library. Moreover, Evans has not shown that he was prevented from achieving meaningful access to the courts by reason of any alleged deficiency in the prison library.

Based upon the foregoing analysis of the facts and relevant legal precedents, we conclude that the combination of the presently constituted prison law library, inmate law clerks and librarians, and inmate access to law books from the Supreme Court law library, provides inmates of the state prison at Ely a constitutionally adequate basis for obtaining meaningful access to the courts. Accordingly, we reverse the district court's order granting summary judgment in favor of Evans, and remand this matter to the district court with instructions to enter summary judgment in favor of appellants.

## APPENDIX

*Book Name*      *Volume Number*

Supreme Court Reporter............................................................10, 81, 84-109, 110
Federal Reporter, 2d Edition.....................................................................334-902
Federal Supplement....................................................................................232-736
Pacific Reporter, 2d Edition.......................................................................395-791
Federal Digest.......................................................................................Complete set
California & Pacific Digest, 1850-1931, 1-300 Pacific Reporter.............1-40
California & Pacific Digest, 1931-1941, 1-100, Pacific Reporter 2d........1-15
Pacific Digest, Annuals, 1951-1960............................................................1-10
Pacific Digest, Pacific Reporter 2d Edition................................................1-60
Federal Practice and Procedure...........................................................Complete set
Corpus Juris Secundum.......................................................................Complete set
United States Code Service..................................................................Complete set
United States Code Annotated.................................................................Partial set
Nevada Revised Statutes.....................................................................Complete set
Shepard's Citations:
    United States Citations.................................................................Complete set
    Federal Citations.........................................................................Complete set
    Pacific Citations...........................................................................Complete set
    Nevada Citations.........................................................................Complete set
Federal Rules of Civil Procedure...........................................................Three each
Federal Rules of Criminal Procedure....................................................Three each
Federal Local Rules of Procedure...........................................................Four each
Federal Jury and Practice Instructions..........................................................1-3
Black's Law Dictionary...........................................................................Three each
Webster's Dictionary.................................................................................One each
Wharton's Criminal Procedure.........................................................................One
American Correctional Association, Committee on Standards..........One each
Nevada Department of Prisons Administration Regulations Manual.........1-2
Federal Rules of Appellate Procedure, Ninth Circuit
    Court of Appeals.........................................................................One each
Handling Narcotic and Drug Cases, Cumulative Supplement...........One each
1990 Federal Sentencing Manual...........................................................One each
Martindale Hubbell Law Directory.............................................................I-VII
Federal Rules Digest 2nd Edition..................................................................1-4
American Jurisprudence, Pleading and Practice Forms...................1-3, 9-15
1983 Criminal Law and Its Processes.....................................................One each
1986 Criminal Law Cases and Materials................................................One each
1989 How to Find the Law.......................................................................One each