9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Anthony Paul LEONARDELLI, Plaintiff-Appellant,
v.
William HUSTON, A.S.P.C. Warden; et al., Defendants-Appellees.
 No. 93-15810.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1993.*
Decided Oct. 29, 1993.
 
 Before: BEEZER, KOZINSKI, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Anthony Paul Leonardelli, an Arizona state prisoner, appeals pro se the district court's order granting summary judgment for the appellees and dismissing his 42 U.S.C. § 1983 action. Leonardelli claims that the appellees denied him meaningful access to the courts by not providing: (1) sufficient access to the prison law library; (2) free postage for mailing legal documents to the courts; and (3) free photocopying of legal documents. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 We review de novo the grant of summary judgment. Hopkins v. Andaya, 958 F.2d 881, 884 (9th Cir.1992) (per curiam). We must determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Meyers, 969 F.2d 744, 747 (9th Cir.1992); Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989).
 
 
 4
 First, Leonardelli contends that the appellees denied him meaningful access to the courts by restricting the use of the prison law library to twenty hours per week. Leonardelli argues that the prison law library should be open twelve hours per day pursuant to prison policy.
 
 
 5
 "The fundamental constitutional right of access to the courts requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). "The existence of an adequate library does not provide for meaningful access to the courts if the inmates are not allowed a reasonable amount of time to use the library." Lindquist v. Idaho State Bd. of Corrections, 776 F.2d 851, 858 (9th Cir.1985). Prisoners, however, are not guaranteed unlimited access to the law library; access may be limited by time, manner, and place regulations. Id.
 
 
 6
 Here, the appellees argued that Leonardelli was not denied reasonable access to the prison law library. The appellees showed that the hours of operation of the prison law library were reduced because the demand for use did not warrant keeping the library open twelve hours each day. In support of their motion for summary judgment, appellees submitted affidavits asserting that Leonardelli: (1) used the library 105 times out of the 150 days it was open; (2) never requested, verbally or in writing, additional time to use the library outside the normal business hours; and (3) was not prevented from using the library each time it was open. Leonardelli did not respond with evidence that controverted the appellees' evidence. Instead, Leonardelli argued that pursuant to prison policy, the law library must be open twelve hours each day.
 
 
 7
 Leonardelli has failed to demonstrate that these restrictions are unreasonable. See Lindquist, 776 F.2d at 858. Therefore, the district court properly granted summary judgment for appellees on this claim. See Federal Deposit Ins. Corp., 969 F.2d at 747.
 
 
 8
 Next, Leonardelli contends that the appellees denied him meaningful access to the courts by not providing free postage for mailing legal documents to the courts and not providing free photocopying of legal documents.
 
 
 9
 If an inmate does not claim a denial of access to adequate law libraries or legal assistance, he must show an actual injury: a specific instance in which he was actually denied access to the courts. Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). Indigent inmates must be provided with certain materials in order to have adequate access to the courts. See Bounds, 430 U.S. at 824-25; King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987). States, however, may reasonably regulate the availability of materials indigent inmates need to access the courts. See King, 814 F.2d at 568.
 
 
 10
 Here, Leonardelli claims that prison officials denied him postage stamps and free photocopying and that this denial prevented him from filing motions in a pending case. The appellees argued that Leonardelli was denied the free postage and photocopying because he did not qualify as an indigent at the time he made the requests. The record demonstrates that at the time Leonardelli requested indigent status, his account balance exceeded the maximum amount permitted to qualify for indigent status pursuant to prison policy.
 
 
 11
 We conclude that because at the time he requested the stamps and photocopying he did not qualify as an indigent pursuant to prison policy, Leonardelli was not entitled to free postage and photocopying. See Bounds, 430 U.S. at 824-25; King, 814 F.2d at 568. Therefore, the district court properly granted summary judgment for appellees on these claims. See Federal Deposit Ins. Corp., 969 F.2d at 747.
 
 
 12
 We conclude that Leonardelli failed to demonstrate that the restrictions on use of the prison law library were unreasonable or that he was improperly denied materials necessary to access the courts. Accordingly, Leonardelli is entitled to neither injunctive relief nor compensatory damages.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3