Lisa **HENDERSON** and Anthony Bowens, individually and on behalf of all others similarly situated, Plaintiffs,

v.

Jess **McDONALD,** Director of the Illinois Department of Mental Health and Developmental Disabilities, Michael G. Howie, Forensic Coordinator of the Illinois Department of Mental Health and Developmental Disabilities, and Angelo Campagna, Facility Director of Elgin Mental Health Center, Defendants.

No. 94 C 0055.

United States District Court,
N.D. Illinois,
Eastern Division.

June 24, 1994.

**50**

Mark Joseph Heyrman, Scott Cooper, Edwin F. Mandel Legal Aid Clinic, Chicago, IL, for plaintiffs.

Thomas A. Ioppolo, Illinois Atty. General's Office, Chicago, IL, for defendants.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

Plaintiffs, Lisa Henderson and Anthony Bowens, are residents of the Elgin Mental Health Center, in Elgin, Illinois. Both were found not guilty of crimes by reason of insanity and committed to the Elgin Mental Health Center. Plaintiffs bring their complaint individually and on behalf of all other persons [1] confined after acquittal in any facility operated by the Illinois Department of Mental Health and Developmental Disabilities ("DMHDD"). Plaintiffs' complaint seeks injunctive and other relief under 42 U.S.C. §§ 1983 and 1988 for violations of the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Plaintiffs' complaint alleges that the DMHDD's failure to notify plaintiffs of, and assist plaintiffs in asserting, their rights to petition for reduced supervision and release under 730 ILCS 5/5–2–4 violates plaintiffs' rights to due process. Before the court is a motion by defendants, Jess McDonald, Director of the DMHDD, Michael G. Howie, Forensic Coordinator of the DMHDD, and Angelo Campagna, Facility Director of Elgin Mental Health Center, to dismiss plaintiffs' complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

On a motion to dismiss, all well pleaded factual allegations are accepted as true and are construed in favor of claimants.

---

1. No motion for class certification has been filed.

---

Roots Partnership v. Lands' End, Inc., 965 F.2d 1411, 1416 (7th Cir.1992). "Dismissal of the complaint is proper only if it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief." Id.

Illinois Section 5/5–2–4, 730 ILCS, sets forth a rather detailed process for handling criminal defendants found not guilty by reason of insanity ("NGRI"). Under the NGRI statute, acquittees have the right to petition the court for discharge, conditional release or other reduction in supervision. Id. at (e). Acquittees may petition the court as often as every 60 days and the court must set a hearing to be held within 30 days of the petition. Id. If, after the hearing, the court finds by clear and convincing evidence, id. at (g), that the acquittee is no longer in need of mental health services, the court will order his discharge, id. at (h). If the court finds the acquittee remains in need of mental health services but no longer is in need of inpatient care, the court will order conditional release on terms the court deems appropriate. Id. The NGRI statute provides that all acquittees "shall be represented by counsel in all proceedings." Id. at (c).

Plaintiffs argue they are unable to complete and file petitions for discharge, conditional release or reduced supervision without assistance from defendants. Plaintiffs cannot afford counsel and, although the NGRI statute affords counsel in all proceedings, plaintiffs are not able to appear in court to request counsel or for any other purpose unless they have prior court approval or are escorted by DMHDD personnel.

Ordinary criminal prisoners have a fundamental right of access to the courts. Bounds v. Smith, 430 U.S. 817, 821, 97 S.Ct. 1491, 1494, 52 L.Ed.2d 72 (1977). This right extends to pretrial detainees pending trial, to those detained as unfit to stand trial, Johnson v. Brelje, 701 F.2d 1201, 1207 (7th Cir. 1983), and to persons, like plaintiffs, confined as NGRI acquittees, King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987); Ward v. Kort, 762 F.2d 856, 858 (10th Cir.1985); Hatch v. Yamauchi, 809 F.Supp. 59, 60 (E.D.Ark.1992).

Plaintiffs argue their right of access demands more assistance from the DMHDD than is currently provided.

Defendants argue that even if plaintiffs have a right of access of the courts, the NGRI statute's provision of counsel satisfies any such right. Defendants argue it would be an unwarranted burden on the DMHDD to impose a requirement that the DMHDD's non-lawyer forensic staff "help NGRI patients practice law, or routinely transport dangerous patients to court . . . or do the many other things plaintiffs seek that would put the federal courts in constant oversight of the hospital." Defs.' Mem. at 13. Defendants cite *Murray v. McDonald*, 91 C 5200, 1992 WL 137385 (N.D.Ill. June 1, 1992), in which Judge Conlon dismissed a similar action brought by committed acquittees.

The *Murray* case involved claims by acquittees that the DMHDD failed to provide adequate procedures for judicial review of plaintiffs' confinement and treatment under the NGRI statute. The *Murray* plaintiffs sought relief almost identical to the relief sought in the instant case. The *Murray* complaint sought injunctive relief in the form of: (1) notice to plaintiffs of their right to file petitions, (2) notice of the procedures for filing petitions, (3) the provision of petition forms, (4) help from DMHDD staff in completing these forms, (5) help in filing the petitions with the court, (6) help from DMHDD staff in obtaining court dates, and (7) transportation to court or appearances by DMHDD staff, in court, on plaintiffs' behalf. The court dismissed the *Murray* case for failure to present a case or controversy because the requested injunctive relief would not have redressed the alleged injury.

Unlike the instant plaintiffs, each of the *Murray* plaintiffs had already successfully completed and filed petitions for release but had received no responses. The *Murray* plaintiffs' petitions requested hearings, the appointment of counsel and independent psychiatric evaluations. Despite the relief requested, the allegations of the complaint showed that each of the plaintiffs had, indeed, been notified or learned of the right to petition the court, the procedures necessary to complete and file those petitions, that plaintiffs had been provided proper forms and had competently completed those petitions for filing. The *Murray* court noted that it was the responsibility of the court, not DMHDD, to set hearings and give notice of them, appoint counsel and order impartial psychological examinations. The circuit courts, not the DMHDD, were apparently disregarding those petitions. Furthermore, the *Murray* court noted that even if DMHDD staff were to appear on acquittees' behalf, it was unclear whether the court would schedule a hearing date within the 30 days. Any suggestion that DMHDD's appearance or the requested relief would remedy plaintiffs' serious problems were merely "speculative."

The instant case does not suffer from this defect. Plaintiffs argue that without minimal assistance from DMHDD staff, acquittees are effectively denied access to the courts because they are unable to petition the court, even for appointment of counsel, as guaranteed under the NGRI statute. The Supreme Court has held that the right of access to the courts requires the detaining authority to assist the detained individual in the preparation and filing of meaningful legal papers. *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498; *DeMallory v. Cullen*, 855 F.2d 442, 446 (7th Cir.1988); *Hatch*, 809 F.Supp. at 61 (applying *Bounds* to NGRI acquittees' claims for stamps, envelops and law books or advice from patient advocates). The Seventh Circuit has characterized the right of access as "the most fundamental right" a detained individual has. *DeMallory*, 855 F.2d at 446. That acquittees, by virtue of their illness, are especially in need of assistance in exercising their rights is reflected in the NGRI statute's grant of representation "in all proceedings." 730 ILCS 5/5–2–4(c). Such a generous provision is illusory, however, if acquittees are never or inconsistently made aware of their right to petition for appointment of counsel, to petition for relaxed supervision or release, not provided with the necessary forms for such petitions and given no assistance in preparing and filing those forms. Plaintiffs' complaint properly states a claim for deprivation of their right of access to the courts.

 Defendants also argue the court should abstain from deciding the merits of this case under *Burford v. Sun Oil*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943) and *New Orleans Public Svc., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 109 S.Ct. 2506, 105 L.Ed.2d 298 (1989). Defendants argue that despite the constitutional issues raised, Illinois' desire to create a special state fora to adjudicate NGRI issues justifies such abstention. Notwithstanding the procedures outlined in the NGRI statute, Illinois created no special *forum* for NGRI petitions. In support, defendants cite *Nelson v. Murphy*, 90 C 3920, 1994 WL 86011 (N.D.Ill. Mar. 11, 1994). In *Nelson*, patients at the same Elgin facility alleged the summary suspension of their grounds passes violated their due process rights. Judge Nordberg dismissed the case on *Burford* abstention grounds, holding that a generalized injunction on suspension of grounds passes would be "antithetical to a state system based on individualized review of each patient by a particular judge." *Burford* abstention may be appropriate to avoid interference with state efforts to establish coherent policy with respect to matters of substantial public concern or to avoid difficult questions of state law bearing on substantial public policies transcending the result in the present case. *Property & Cas. Ins. v. Central Nat'l Ins.*, 936 F.2d 319, 322–23 (7th Cir.1991). Unlike the *Nelson* case, however, neither *Burford* rationale applies to this case.

A finding that current DMHDD practice violates acquittees' right of access to the courts would not necessarily interfere with Illinois' complex NGRI system. That statute, as comprehensive as it is and providing for the appointment of counsel, does not address the nuts and bolts of acquittees' initial access to the courts, a constitutional issue appropriate for this court. Nor need any potential solution necessarily interfere with any part of the system already established by statute. As in *Bounds*, the state might simply be required to work a suitable solution. Therefore, defendants' motion to dismiss will be denied.

IT IS THEREFORE ORDERED that defendants' motion to dismiss [13] is denied.

Defendants are ordered to answer by July 1, 1994.