127 F.3d 1106
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul SARKOZY, Plaintiff-Appellant,
v.
J. ALEXANDER SECURITIES, INC., a corporation; FIRST
INTERSTATE BANK, a national bank incorporation; BANK OF
AMERICA, a national bank incorporation fka Security Pacific
Bank; PAINE WEBBER, an investment corporation; GAY
RINALDO; JOHN RINALDO; WEDBUSH SECURITIES INC., a corp.;
MERILL LYNCH, a corp. BROD CORPORATION; PERSEC CLEARING
HOUSE, a corp.; DRAKE CAPITAL INVESTMENTS, a corp.; CITY
OF BEVERLY HILLS, a municipal corp.; ROSS DALE; JIM
REGLAND; BERN VELLOW; SARKOZY PARTNERS INC.; NICHOLAS
STERNER; SELICIO SOUR; DOES 1-25, Defendants,
and
BALTAXE & BALTAXE, a law partnership; MICHAEL F. BALTAXE,
an individual; GEORGE BALTAXE, an individual,
Defendants-Appellees.
 No. 96-56528.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 20, 1997**
Decided Oct. 24, 1997.
 
 Appeal from the United States District Court for the Central District of California Manuel L. Real, District Judge, Presiding
 Before: THOMPSON, T.G. NELSON, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Paul Sarkozy appeals the district court's summary judgment in his diversity legal malpractice action against the law firm of Baltaxe & Baltaxe, and the denial of his motion to reconsider pursuant to Fed.R.Civ.P. 60(b). We have jurisdiction pursuant to 28 L.S.C. § 1291. We affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. See Bagdadi v. Nazar, 84 F.3d 1194, 1197 (9th Cir.1996). We review for an abuse of discretion both the denial of a Fed.R.Civ.P. 60(b) motion for reconsideration, see Export Group v. Reef Indus., 54 F.3d 1466, 1469 (9th Cir.1995), and the denial of a Fed.R.Civ.P. 56(f) motion for a continuance to permit further discovery, see Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994).
 
 
 4
 Sarkozy contends the district court abused its discretion by denying his motion for a continuance to permit further discovery pursuant to Fed.R.Civ.P. 56(f). We disagree. The burden is on the party seeking additional discovery to show how the information sought would preclude summary judgment. See Qualls, 22 F.3d at 844. Here, although Sarkozy claimed that he needed a continuance to locate missing portions of his client file, he did not explain how this information would have precluded summary judgment. Accordingly, the district court did not abuse its discretion by denying Sarkozy's Fed. R. Civ. F. 56(f) motion. See id.
 
 
 5
 Sarkozy next contends the district court erred by granting summary judgment because the law firm's motion for summary judgment failed to address the elements of a legal malpractice cause of action. This contention fails because the district court granted the motion for summary judgment on the ground that Sarkozy's claims were time-barred under California law.
 
 
 6
 Sarkozy finally contends the district court abused its discretion by denying his motion for reconsideration under Fed.R.Civ.P. 60(b).[1] We disagree. Sarkozy failed to present any reason under Rule 60(b) justifying reconsideration. The district court properly rejected Sarkozy's excuse that he was a pro se litigant who "[did] riot understand the court system well enough to achieve success as a pro per." Cf. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987) (stating that pro se litigants must follow the same rules of procedure that govern other litigants).
 
 
 7
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Sarkozy asked the district court to reconsider its grant of summary judgment under both Fed.R.Civ.P. 59(e) and 60(b). However, because Sarkozy's motion was filed more than ten days after the grant of summary judgment, the denial of the motion is properly reviewed only under Fed.R.Civ.P. 60(b)