131 F.3d 146
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Brian D. HEALY, Plaintiff-Appellant,
v.
J. PENA; E. Upton; Defendants-Appellees.
 No. 97-15020.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1997**
Decided Nov. 20, 1997.
 
 Appeal from the United States District Court for the Northern District of California,No. CV-95-04233-MMC; Maxine M. Chesney, District Judge, Presiding.
 Before: HUG, Chief Judge, PREGERSON and BEEZER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Brian Healy, a California state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging that two prison officers were deliberately indifferent to his serious medical needs in connection with the use of pepper spray. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's grant of summary judgment de novo, see Hervey v. Estes, 65 F.3d 784, 788 (9th Cir.1995), and its discovery rulings for an abuse of discretion, see Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1469 (9th Cir.1992). We affirm.
 
 A. Summary Judgment
 
 3
 Healy contends the district court erred by granting summary judgment on his Eighth Amendment claim. We disagree. "[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Healy failed to present any evidence that the prison officers were aware that the use of pepper spray posed an obvious risk to inmate health or safety, particularly where an inmate is not directly sprayed with pepper spray. See id. at 844 (stating that prison officers who lacked knowledge of a risk cannot be said to have inflicted punishment). Moreover, Healy failed to present any evidence that the prison officers responded unreasonably to his requests for immediate medical attention, particularly in light of the fact that the officers were in the middle of responding to a serious prison disturbance. See id. (stating that prison officers who actually knew of a substantial risk to inmate health or safety are not subject to liability if they responded reasonably to the risk). Accordingly, the district court properly granted summary judgment.
 
 B. Discovery
 
 4
 Healy contends the district court abused its discretion by denying him discovery. We disagree. In response to Healy's assertions that the defendants were not complying with his discovery requests, the district court advised Healy to file a motion to compel discovery. See Fed.R.Civ.P. 37(a)(2). Healy failed to file a motion to compel discovery. Although Healy argues that he lacked the expertise to file a motion to compel, pro se litigants must follow the same rules of procedure that govern other litigants. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).
 
 
 5
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3