**Ronnie Eugene STEWART, Plaintiff—Appellant,**

v.

**Terry STEWART, of the ADOC in his individual & personal capacity; et al., Defendants—Appellees.**

No. 05–15040.

D.C. No. CV–01–01753–NVW.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2005.*

Decided Dec. 16, 2005.

Ronnie Eugene Stewart, Florence, AZ, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Kelley J. Morrissey, Office of the Arizona Attorney General, Phoenix, AZ, Paul Edward Carter, Esq., Office of the Arizona Attorney General, Tucson, AZ, for Defendants–Appellees.

Before GOODWIN, W. FLETCHER, and FISHER, Circuit Judges.

MEMORANDUM **

Former Arizona state prisoner Ronnie Eugene Stewart appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action alleging violations of the First, Eighth and Fourteenth Amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Delta Sav. Bank v. United States,* 265 F.3d 1017, 1021 (9th Cir.2001), and we affirm.

The district court properly granted summary judgment to defendants on Stewart's free exercise of religion claim because he failed to raise a triable issue as to whether prison officials had a legitimate penological interest in requiring inmates on the religious diet program to sign for each meal. *See Ward v. Walsh,* 1 F.3d 873, 876 (9th Cir.1993). Furthermore, Stewart failed to raise a triable issue of fact as to whether the sign-in sheets were unavailable during breakfast from March 9–14, 2001. *See Sanchez v. Vild,* 891 F.2d 240, 242, (9th Cir.1989) (explaining that prisoner must present triable issues of fact to overcome summary judgment motion).

---

The district court also properly granted summary judgment on Stewart's claim that he suffered cruel and unusual punishment when his religious meal service was cancelled for six months. *See Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Stewart failed to raise a triable issue of fact as to whether being served a regular prison meal for six months constituted an unnecessary and wanton infliction of pain. *Id.*

The district court properly granted summary judgment on Stewart's due process claim because Stewart failed to raise a triable issue of fact as to whether defendants participated in the alleged due process violation. *See King v. Atiyeh,* 814 F.2d 565, 568 (9th Cir.1987) (state officials not liable under section 1983 unless they played an affirmative part in the alleged deprivation of constitutional rights). Furthermore, the district court denied Stewart's motion for leave to amend without prejudice to Stewart filing a proper motion for leave to amend to correct the deficiencies in his complaint. Stewart did not do so.

AFFIRMED.

* The Honorable Edward C. Reed, Jr., Senior United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.