NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NUBIAN AMON RA; KRISTINA DUNN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> COCHISE COUNTY, an Arizona municipality; COCHISE COUNTY SHERIFF'S DEPARTMENT; M. DENNEY, Sgt.; G. WHEELER, Detective; R. GERENCSER, Detective; ABNEY, Detective; RITCHIE, Detective; MARK DANIELS, Lt.; KEVIN JAMKA, Detective; GENE WHEELER, Cpl.; URSULA RITCHIE, Detective; THAD SMITH, Sgt.; UNITED STATES OF AMERICA; MARK STRICKLAND, FBI Agent; KEVIN BLACK, DEA Agent, <br><br> Defendants - Appellees. | No. 09-17905 <br><br> D.C. Nos.  4:06-cv-00470-CKJ <br> 4:06-cv-00555-CKJ <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Cindy K. Jorgenson, District Judge, Presiding

Argued and Submitted May 9, 2011

_____

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and MARBLEY, District Judge.[**]

Plaintiffs-Appellants Nubian Amon Ra and Kristina Dunn (collectively "Plaintiffs") appeal two orders of the district court that dismissed with prejudice claims against Defendants-Appellees Cochise County and several individual county employees (collectively "County Defendants"), and claims against the United States, FBI Special Agent Mark Strickland, and DEA Special Agent Kevin Black (collectively "Federal Defendants"). We have jurisdiction under 28 U.S.C. § 1291. We reverse the dismissal of Plaintiff Amon Ra's excessive force claim against County Defendants. In other respects, we affirm.

**I**

We affirm the district court's dismissal of the claims against Federal Defendants. Plaintiffs failed to state a plausible claim for relief with regard to malicious prosecution, intentional infliction of emotional distress, and common-law conspiracy. *See United States ex rel. Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 (9th Cir. 2011) (holding that we must "inquire whether the complaint's factual allegations, together with all reasonable inferences, state a

---

[**] The Honorable Algenon L. Marbley, United States District Judge for the Southern District of Ohio, sitting by designation.

plausible claim for relief"); *see generally Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949–50 (2009). At most, Plaintiffs alleged that Federal Defendants provided information to state and federal prosecutors. The complaint did not allege that Federal Defendants acted with malice. Nor did the complaint identify extreme or outrageous conduct committed by Federal Defendants. Because Plaintiffs did not state a claim against Federal Defendants for malicious prosecution or intentional infliction of emotional distress, Plaintiffs necessarily did not state a claim for common-law conspiracy based on those underlying torts. Plaintiffs' *Bivens* claim also fails because, on appeal, Plaintiffs challenge only the dismissal of their conspiracy claim, not the dismissal of the underlying First and Fourth Amendment claims. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

## II

### A

For the reasons stated by the district court, we affirm the dismissal of Plaintiff Amon Ra's equal protection claim against County Defendants. Amon Ra did not allege sufficient facts to show that he was targeted for selective enforcement of the laws, or that County Defendants acted with "an intent or purpose to discriminate against [Plaintiff] based upon membership in a protected

3

class." *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001). We also affirm the district court's dismissal of Cochise County as a defendant. Amon Ra's allegations fall short of indicating the existence of a policy or custom. Amon Ra alleged that the County must have known and acquiesced in the investigation given its length and scope, but that allegation, standing alone, is not sufficient. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . .").

**B**

We reverse the district court's dismissal of Amon Ra's Fourth Amendment excessive force claim against County Defendants. At oral argument, counsel for Cochise County stated: "[I]n a situation where there's a high-risk entry—a warranted, high-risk entry—and officers have their guns drawn and are pointing them at the occupants, I don't believe that that states a claim for excessive force." We reject this characterization of the complaint and the law. *See Espinosa v. City & Cnty. of San Francisco*, 598 F.3d 528, 538 (9th Cir. 2010) (holding that the degree of risk presented by a suspect was a factual question). Amon Ra did not allege that he was a high-risk target or that the raid on his home required a high-risk entry, and we decline to read such facts into the complaint.

The district court dismissed this claim because there were "no allegations that [C]ounty Defendants were the officers who entered the residence or that [C]ounty Defendants knew of the conduct in the residence." We disagree. The Second Amended Complaint at paragraph 28 alleges that "the listed individual Defendants were either part of the SWAT team that entered the home, entered the home after the SWAT team entered, and/or took part in the planning for the SWAT entry." The complaint further alleges that "[t]he individually listed Defendants took part in the decision to use a heavily armed SWAT team to enter the home despite having information that Plaintiff and[] his wife live in the home with their minor children." The district court concluded that "Amon Ra has alleged no factual basis to support the conclusory allegations that all actions are attributed to all Defendants." But Amon Ra has alleged specific facts indicating that the named County Defendants personally participated in the raid, or were in the home during and after the raid, or otherwise participated in the planning of the raid and the decision to use a heavily-armed SWAT team against Amon Ra and his wife and children. The complaint sufficiently alleges that County Defendants played an "affirmative part in the alleged deprivation of constitutional rights." *King v. Atiyeh*, 814 F.2d 565, 568 (9th Cir. 1987). We reverse the district court's dismissal of Amon Ra's Fourth Amendment claim of excessive force against County

5

Defendants. The excessive force claim was not properly dismissed at the pleadings stage.

**AFFIRMED in part, REVERSED in part, and REMANDED.** The parties shall bear their own costs on appeal.