MEMORANDUM
Wallace R. Brown, III appeals from the district court’s order granting summary judgment in favor of the State of Hawaii, Department of Public Safety (the “Department”) on Brown’s claims of racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964 (codified at 42 U.S.C. §§ 2000e-l et seq). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.
Brown filed formal charges of Title VII violations with the EEOC asserting racial discrimination based on the use of the term “Operation Mandingo” by a subordinate on March 28, 2007, and a retaliation claim based upon his removal from a temporary assigned position on May 8, 2008.
I
Brown failed to demonstrate that, in connection to the “Operation Mandingo” incident, he suffered an adverse employment action. See Davis v. Team Electric Co., 520 F.3d 1080, 1089 (9th Cir.2008) (To establish a prima facie case of disparate treatment, Brown must show that (1) he belongs to a protected class; (2) he was qualified for his position; (3) he was subjected to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably). Although “adverse employment action” is broadly defined, Fonseca v. Sysco Food Servs. of Ariz., Inc., 374 F.3d 840, 847 (9th Cir.2004), Brown did not present evidence that he suffered an adverse action with respect to the events surrounding the “Operation Mandingo” report. See Little v. Windermere Relocation, Inc., 301 F.3d 958, 970 (9th Cir.2002) (a reduction in base monthly pay is an adverse employment action); University of Hawai’i Prof'l Assembly v. Cayetano, 183 F.3d 1096, 1105-06 (9th Cir.1999) (receiving pay a couple of days late constitutes *72 substantial impairment); Yartzoff v. Thomas, 809 F.2d 1371, 1376 (9th Cir.1987) (job transfers and undeserved performance ratings can be adverse employment decisions). Brown received favorable evaluations throughout his employment and was temporarily assigned to a higher position at an increase in salary after the “Operation Mandingo” incident.
II
A
Brown failed to file a formal EEOC charge as to his claim that certain members of the Department did not investigate his complaints of insubordination and rule violations by Department employees on 52 separate occasions between November 2002 and May 2007. These incidents were not similar to his claim that the “Operation Mandingo” report created a hostile working environment based on a single act of actual racial discrimination.
“Incidents of discrimination not included in an EEOC charge may not be considered by a federal court unless the new claims are ‘like or reasonably related to the allegations contained in the EEOC charge.’ ” Green v. Los Angeles Cnty. Superintendent of Sch., 883 F.2d 1472, 1475-76 (9th Cir.1989) (quoting Brown v. Puget Sound Elec. Apprenticeship & Training Trust, 732 F.2d 726, 729 (9th Cir.1984)).
In response to the motion for summary judgment, Brown presented only his conclusions and speculation that the failure to investigate his claims was based on his race. See McGinest v. GTE Serv. Corp., 360 F.3d 1103, 1121 (9th Cir.2004) (“Under Title VII, an individual suffers disparate treatment when he or she is singled out and treated less favorably than others similarly situated on account of race.”) (internal quotations and citations omitted). In opposing summary judgment, Brown “ ‘may not rest upon the mere allegations or denials of his pleading, but ... must set forth specific facts showing that there is a genuine issue for trial.’” Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986) (quoting Fed.R.Civ.P. 56(e)). Brown failed to present evidence in opposition to the Department’s motion for summary judgment that the Department’s alleged failure to investigate the 52 incidents of insubordination and rule violations was due to racially discriminatory treatment. He, therefore, failed to demonstrate that the incidents were “like or reasonably related to the allegations contained in the EEOC charge.” B.K.B. v. Maui Police Dep’t, 276 F.3d 1091, 1100 (9th Cir.2002) (internal quotations and citation omitted). Brown’s counsel should have filed a third formal charge with the EEOC based on his claim that his superiors’ failure to investigate 52 acts of insubordination and rule violations complaints created a hostile working environment.
B
Brown also failed to demonstrate that the Department’s failure to investigate created a severe or pervasive alteration of the condition of his employment. See Vasquez v. Cnty. of Los Angeles, 349 F.3d 634, 642 (9th Cir.2003) (“To determine whether conduct was sufficiently severe or pervasive to violate Title VII, we look at ‘all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee’s work performance.”) (quoting Clark County Sch. Dist. v. Breeden, 532 U.S. 268, 270-71, 121 S.Ct. 1508, 149 L.Ed.2d 509 (2001)). Brown presented no evidence that the Department’s alleged failure to investigate *73 the 52 other incidents was due to racial discrimination. Further, Brown continued to receive favorable evaluations and was temporarily assigned to a higher position at an increase in salary while these events allegedly occurred. Accordingly, Brown has not demonstrated that the Department’s alleged failure to investigate his other claims constituted severe or pervasive racial discrimination.
C
Furthermore, his attorney failed to exhaust his administrative remedies in order to obtain a right to sue letter with respect to the 52 incidents which the Department allegedly failed to investigate. “Title VII claimants generally establish federal court jurisdiction by first exhausting their EEOC administrative remedies.” Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir.1990). The purpose of these procedures is to “afford[ ] the agency an opportunity to investigate the charge.” B.K.B., 276 F.3d at 1099. See also Brown, 732 F.2d at 729 (“Title VII places primary responsibility for disposing of employment discrimination complaints with the EEOC in order to encourage informal conciliation of employment discrimination claims and foster voluntary compliance with Title VIL”). The court is “required to construe appellants’ EEOC charges with utmost liberality since they are made by those unschooled in the technicalities of formal pleading.” Lyons v. England, 307 F.3d 1092, 1104 (9th Cir.2002) (internal quotation marks omitted). Similarly, “[i]n civil rights cases, where the plaintiff is pro se, we have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt.” King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987).
Here, Brown is not pro se. The June 30, 2008 letter was drafted by Brown’s counsel, who is not “unschooled in the technicalities of formal pleading.” Lyons, 307 F.3d at 1104. While the letter could, through liberal construction, be read to give notice to the EEOC to investigate these incidents, Brown’s counsel did not request that they be included in the scope of an investigation. Instead, she requested that a right to sue letter be issued immediately so that Brown could pursue his legal claims in court. Accordingly, the June 30, 2008 letter should not be liberally construed to be an amendment to the formal EEOC charge for discrimination. Brown failed to exhaust his administrative remedies as to all but his discrimination claims related to the use of the term “Operation Mandingo” on March 28, 2007.
Ill
Brown has failed to demonstrate that his removal from his temporary assignment to a higher-ranking administrator position was retaliation for the filing of his discrimination charge with the EEOC. He was given the temporary assignment with an increase in pay five months after he filed his discrimination charge with the EEOC. Brown was removed from the temporary position after the Hawaii Government Employees Association notified the Department that Brown’s assignment violated the collective bargaining agreement. He was removed from the temporary position so that the warden could consider Brown and other qualified candidates to fill the position. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1064-65 (9th Cir.2002) (“To establish causation [between involvement in protected activity and an adverse employment action, a plaintiff] must show ... that engaging in the protected activity was one of the reasons for [his removal] and that but for such activity [he] would not have been [removed].”). Additionally, Brown has not demonstrated that the Department’s “pre *74 sumptively valid reasons for his [removal] were in fact a coverup for a racially discriminatory decision.” McDonnell Douglas Corp. v. Green, 411 U.S. 792, 805, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973).
AFFIRMED.