FILED

NOV 23 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RAMNIK TRIVEDI,

        Plaintiff - Appellant,

  v.

UNITED STATES OF AMERICA,

        Defendant - Appellee.

No. 10-55750

D.C. No. 2:09-cv-01885-DDP-
FFM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted November 21, 2011[**]

Before:    TASHIMA, BERZON, and TALLMAN, Circuit Judges.

    Ramnik Trivedi appeals pro se from the district court's summary judgment

in his action alleging wrongful tax collection by the Internal Revenue Service

("IRS"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2). Trivedi's request for oral
argument is denied.

grant of summary judgment. *Earl v. Nielsen Media Research, Inc.*, 658 F.3d 1108, 1112 (9th Cir. 2011). We review for abuse of discretion a denial of a motion for relief from judgment under Fed. R. Civ. P. 60(b). *Lal v. California*, 610 F.3d 518, 523 (9th Cir. 2010). We affirm.

The district court properly granted summary judgment because Trivedi failed to raise a genuine dispute of material fact as to whether the IRS's collection actions were timely. *See* 26 U.S.C. § 6502(a) (collection action must commence within ten years).

The court did not abuse its discretion in denying Trivedi's Rule 60(b) motion on the ground that Trivedi's neglect in failing to oppose the motion for summary judgment based on his misunderstanding of the local rules was not excusable. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants."). Trivedi failed to establish any other ground warranting relief from judgment. *See* Fed. R. Civ. P. 60(b).

**AFFIRMED.**