56 F.3d 75
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 John L. VOISIN, Plaintiff-Appellant,
v.
Jerry COLE, Defendant-Appellee.
 No. 94-35547.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 13, 1995.*
Decided May 4, 1995.
 
 Before: SNEED, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Alaska state prisoner John L. Voisin appeals pro se the district court's grant of summary judgment in favor of prison official Jerry Cole in Voisin's 42 U.S.C. Sec. 1983 action. Voisin alleges that Cole intentionally or recklessly allowed another inmate to attack him in violation of his Eighth Amendment right to be free from cruel and unusual punishments. Voisin contends that the district court erred by concluding that there was not a dispute of material fact whether Cole was deliberately indifferent to Voisin's safety. We affirm.
 
 
 3
 On August 8, 1991, Voisin, an inmate at the Spring Creek Correctional Center in Seward, Alaska, was in the day room of the maximum security unit. Cole, the control room operator, released inmate Robert Betts into the day room so Betts could place a telephone call to his attorney. Instead, Betts attacked Voisin with a long, metal rod, causing him serious injury. Cole called for assistance, and within a few minutes several officers arrived and intervened to stop the fight.
 
 
 4
 Prison officials have an obligation to protect inmates from attacks by other inmates, and a constitutional violation may occur when prison officials know of and disregard an excessive risk of serious harm. Farmer v. Brennan, U.S. , 114 S. Ct. 1970, 1976, 1979 (1994).[1] Voisin claims that because Cole intentionally released Betts into the day room, with the knowledge that Betts was a dangerous individual, Cole acted with deliberate indifference to Voisin's safety. See id. at 1977.
 
 
 5
 This contention is without merit.[2] There is no evidence in the record that Cole had any knowledge or awareness that Betts, or any other inmate, would attack Voisin. See id. at 1979-80 (holding that the test for "deliberate indifference" under the Eighth Amendment is one of "subjective recklessness"). Cole does admit knowing that Betts was serving time for contract murder and that Betts had stabbed a correctional officer during a prior altercation. (CR 13 at 4, CR 21.) However, there was no documented history to conflict between the two inmates, nor were they classified as "separatees." (CR 42 at 4, CR 41, Cole Dep. at 5-6.) Neither inmate was placed on a status requiring him to spend recreation time alone (CR 41, Cole Rep. at 5-6), nor was it contrary to institutional procedure to allow two inmates in the day room at the same time (CR 42 at 2). Moreover, Voisin stated in response to Cole's interrogatories that he "had no reason to fear inmates Betts," and he had not informed Cole or any prison officials that he had a problem with Betts or any other inmate.[3] (CR 41, Voisin Interrog. 13.) The district court's grant of summary judgment in favor of Cole was therefore appropriate.
 
 
 6
 Voisin also appears to argue in his informal brief that correctional officials attempted to deny him meaningful access to the courts after he decided to file the instant action. Specifically, Voisin alleges that prison officials (1) manipulated his legal calls to deter him from obtaining representation to file suit against Cole, and (2) prohibited him from testifying at Betts' criminal trial in order to prevent him from exposing Cole's misconduct.
 
 
 7
 These allegations were not considered by the district court because they were not properly raised in his pleadings. Although pro se pleadings are construed liberally, pro se litigants are nonetheless bound by the rules of procedure. Ghazali v. Moran, 46 F.3d 52, 54 (9th Cir. 1995); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). A claim beyond the allegations of the complaint which was before the district court is not properly before this court on appeal. Fuller v. Frank, 916 F.2d 558, 563 (9th Cir. 1990).
 
 
 8
 This court will address such an issue only if review is necessary to prevent a miscarriage of justice, the new issue arises because of a change in the law, or the issue is purely a legal one. United States v. Kent, 945 F.2d 1441, 1445 (9th Cir. 1991); Bolker v. Commissioner, 760 F.2d 1039, 1042 (9th Cir. 1985). None of these exceptions applies. Thus, Voisin is precluded from raising this issue.
 
 
 9
 Accordingly, the district court's grant of summary judgment in favor of the defendant is AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir. R. 34-4 and Fed. R. App. P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The district court's opinion was drafted in reliance upon Berg v. Kincheloe, 794 F.2d 457 (9th Cir. 1986), prior to the Supreme Court's clarification of the "deliberate indifference" standard in Farmer. Because Farmer heightens the level of individual culpability required to establish liability, the district court's conclusion that Cole was not liable remains valid
 
 
 [2]
 This court reviews de novo the district court's grant of summary judgment. Taylor v. List, 880 F.2d 1040, 1044 (9th Cir. 1989). Summary judgment should be granted if the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to material fact and that the moving party is entitled to judgment as a matter of law. Id.; see Fed. R. Civ. P. 56(c)
 
 
 [3]
 Failure to notify correctional officials in advance of a risk of harm, while not dispositive, is one factor to be considered. Farmer, 114 S. Ct. at 1984