106 F.3d 406
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin Bruce BEVILLE, Plaintiff-Appellant,
v.
Marvin CLARK, Deputy, Yavapai County; Gregory Schmid,
Deputy, Defendants-Appellees.
 No. 94-16908.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 21, 1997.*
Decided Jan. 23, 1997.
 
 Before: O'SCANNLAIN, LEAVY, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robin Bruce Beville, an Arizona state prisoner, appeals pro se the district court's (1) denial of his motion for appointment of counsel; (2) dismissal of three defendants before service of process; and (3) order granting judgment as a matter of law in favor of defendant prison officials. Beville alleged in his 42 U.S.C. § 1983 complaint that defendant Clark read Beville's legal correspondence. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 Beville contends that the district court abused its discretion by denying his motion for appointment of counsel. Because this case presents no exceptional circumstances, the district court did not abuse its discretion by denying Beville's motion for appointment of counsel. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir.1986).
 
 
 4
 Beville contends that the district court erred by dismissing three defendants who were named in his complaint, Young, Carson, and Buchanan, before service of process. This contention lacks merit because Beville's complaint failed to allege any personal participation by these defendants sufficient to state a claim of a constitutional deprivation. See King v. Atiyeh, 814 F.2d 565, 568 (9th Cir.1987).
 
 
 5
 Beville contends that the district court erred by granting judgment as a matter of law because of perjurious testimony regarding Sergeant Young's personal involvement in the alleged violation. This contention lacks merit.
 
 
 6
 We review de novo a district court's grant of judgment as a matter of law. See Pierce v. Multnomah County, 76 F.3d 1032, 1037 (9th Cir.), cert. denied, 117 S.Ct. 506 (1996).
 
 
 7
 The district court dismissed Young as a defendant because of Beville's failure to allege Young's personal involvement in the incident in his complaint. Therefore, we conclude that the district court did not err by granting judgment as a matter of law because the alleged perjury is not relevant to the judgment. See Pierce, 76 F.3d at 1037.
 
 
 8
 Beville's remaining contentions are meritless.
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Beville's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because of our disposition of this appeal, we do not consider the applicability, if any, of the Prison Litigation Reform Act, Pub.L. No. 104-134, 110 Stat. 1321 (1996), to this appeal