**John GIMBEL, Plaintiff–Appellant,**

v.

**State of CALIFORNIA, et al., Defendants–Appellees.**

No. 07–16966.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 17, 2008.*

Filed Jan. 13, 2009.

John Gimbel, Crescent City, CA, pro se.

Troy B. Overton, Esquire, Office of the California Attorney General, San Francisco, CA, John M. Vrieze, Esquire, William F. Mitchell, Esquire, Mitchell Brisso Delaney & Vrieze, Eureka, CA, William D. Ayres, Esquire, Randall Lee Harr, Esquire, Harr Arthofer & Ayres, Redding, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and RYMER, Circuit Judges.

---

*** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**124**

MEMORANDUM **

John Gimbel appeals pro se from the district court's judgment dismissing with prejudice his 42 U.S.C. § 1983 action. We review a dismissal pursuant to the district court's inherent power for abuse of discretion. *See Anheuser–Busch, Inc. v. Natural Beverage Distributors,* 69 F.3d 337, 348 (9th Cir.1995). We review de novo a dismissal for failure to state a claim. *Decker v. Advantage Fund Ltd.,* 362 F.3d 593, 595–96 (9th Cir.2004). We may affirm the district court on any ground supported by the record. *See Thompson v. Paul,* 547 F.3d 1055, 1058–59 (9th Cir.2008). We affirm.

We have reviewed Gimbel's "amended complaint" and agree with the district court that it is "utterly inconsistent with the orderly administration of justice." *Leon v. IDX Sys. Corp.,* 464 F.3d 951, 958 (9th Cir.2006). Though we hold pro se civil rights plaintiffs to less stringent pleading standards than represented parties, *see Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam); *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir.1987), the district court did not abuse its discretion in exercising its inherent power to dismiss Gimbel's abusive complaint with prejudice. *Carrigan v. California State Legislature,* 263 F.2d 560, 564 (9th Cir.1959) ("Perhaps the easiest procedure in this case would be to dismiss the entire appeal as frivolous, and strike the briefs and pleadings filed by appellant . . . as either scandalous, impertinent, scurrilous, and/or without relevancy. Undoubtedly such action would be justified by this court.").

Moreover, even construing Gimbel's pro se amended complaint liberally, he has failed to state a claim upon which relief can be granted. *See* Fed.R.Civ.P. 12(b)(6); *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9th Cir.1990). Gimbel has alleged no facts to remedy the shortcomings outlined by the district court in dismissing his original complaint. Because he was given the opportunity to correct the deficiencies, the district court did not err in dismissing his amended complaint with prejudice. *See Sisseton–Wahpeton Sioux Tribe of Lake Traverse Indian Res., N. Dakota & S. Dakota v. United States,* 90 F.3d 351, 355–56 (9th Cir.1996).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

