MEMORANDUM **
John Gimbel appeals pro se from the district court’s judgment dismissing his 42 U.S.C. § 1983 action for lack of subject matter jurisdiction. We review de novo a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). Bianchi v. Rylaarsdam, 334 F.3d 895, 898 (9th Cir.2003). We affirm.
We have reviewed Gimbel’s prolix complaint and agree with the district court that the Rooker/Feldman doctrine prevents the district court from exercising jurisdiction over Gimbel’s action alleging First Amendment violations. See Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923). In his state-court appeal, Gimbel raised his First Amendment rights in defense to the restraining order imposed against him by the state trial court, and the court of appeal addressed his argument and rejected the claim on its merits. See Villarreal v. Gimbel, No. A115201, 2007 WL 1229493 (Cal.Ct.App.2007). Even liberally construing Gimbel’s current allegations, see King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987), Gimbel’s federal complaint makes clear that he is merely attacking the propriety of the state court’s *126 rejection of his First Amendment challenge, which is precisely the circumstance where the Rooker/Feldman doctrine prevents federal courts from exercising jurisdiction. See Ignacio v. Judges of the U.S. Court of Appeals for the Ninth Circuit, 453 F.3d 1160, 1165 (9th Cir.2006); Bian-chi, 334 F.3d at 898-99.[1] He cannot evade the Rooker/Feldman bar by pleading his claims through the vehicle of 42 U.S.C. § 1983. See Worldwide Church of God v. McNair, 805 F.2d 888, 893 n. 4 (9th Cir. 1986). Therefore, the district court properly dismissed Gimbel’s action for want of subject-matter jurisdiction.[2]
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

. Gimbel did not appeal to the California Supreme Court. The Rooker/Feldman doctrine applies equally to the decision of the California Court of Appeal. See Dubinka v. Judges of Super. Ct. of State of Cal. for County of Los Angeles, 23 F.3d 218, 221 (9th Cir. 1994).

. We need not reach Appellees' argument that Gimbel’s complaint is also barred by res judi-cata and collateral estoppel.