**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN P. BAKER, | No.    15-15446 |
| Plaintiff-Appellant, | D.C. No. 2:12-cv-01162-PGR-MEA |
| v. | |
| THOMAS BELL, Dr.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, District Judge, Presiding

Submitted August 16, 2016[**]

Before:    O'SCANNLAIN, LEAVY, and CLIFTON, Circuit Judges

Arizona state prisoner John P. Baker appeals pro se from the district court's

summary judgment in his 42 U.S.C. § 1983 action alleging deliberate indifference

to his serious medical needs.  We have jurisdiction under 28 U.S.C. § 1291.  We

review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004) (summary

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

judgment); *Ramirez v. Galaza*, 334 F.3d 850, 853 (9th Cir. 2003) (dismissal under 28 U.S.C. § 1915A). We affirm.

The district court properly granted summary judgment because Baker failed to raise a genuine dispute of material fact as to whether defendant Bell was deliberately indifferent in treating his various medical issues. *See Toguchi*, 391 F.3d at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; medical malpractice, negligence, or a difference of opinion concerning the course of treatment does not amount to deliberate indifference).

The district court properly dismissed defendant Wexford because Baker failed to allege sufficient facts to state a plausible Eighth Amendment claim. *See id.*; *see also Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are to be construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief).

The district court did not abuse its discretion in denying Baker's motions to compel discovery because Baker failed to comply with procedural rules and deadlines. *See Jorgansen v. Cassiday*, 320 F.3d 906, 913 (9th Cir. 2003) (setting forth standard of review and noting that "[t]he district court is given broad discretion in supervising the pretrial phase of litigation, and its decisions regarding

the preclusive effect of a pretrial order. . . will not be disturbed unless they evidence a clear abuse of discretion." (citation and internal quotation marks omitted)); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012) ("Pro se litigants must follow the same rules of procedure that govern other litigants.").

We reject as without merit Baker's contentions regarding judicial bias.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**